Bruce B. SCHWAGER, Bette Schwager, B.B.M.M., LTD. and B.M. Bayou Corporation, Appellants,

v.

TEXAS COMMERCE BANK, N.A., Charles Best, Fred Fallas, Meyer Fallas, Malcolm Marcoe, Harvey Resnick, and William Cramer, Appellees.

No. 01–90–00270–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 1991.

T. Ransom Carnish, Houston, for appellants.

Joseph D. Cheavens, Neil S. Levin, and Newton B. Schwartz, Houston, for appellees.

Before TREVATHAN, C.J., and DUGGAN and DUNN, JJ.

## ORDER

PER CURIAM.

Appellees ask this Court to disqualify appellants' counsel and to strike their brief. The basis of the motion to disqualify is that appellants' counsel testified as a witness during trial and, therefore, he is not qualified to serve as appellate counsel.

■ This is a case of first impression in Texas. While there are many cases involving whether a lawyer may testify as a witness in a trial where he represents one of the parties, there are no cases addressing whether a witness, who testified at trial may, later serve as appellate counsel representing the party for whom he testified at trial.

During trial, counsel gave testimony as appellants' accountant. It is uncontroverted that, at the time of trial, counsel was not licensed to practice law. Appellants' counsel is now licensed as an attorney and has been admitted to the Texas Bar. The State Bar of Texas disciplinary rules (the "State Bar Rules") provide that:

> A *lawyer* shall not accept or continue employment in a contemplated or pending adjudicatory proceeding if *the lawyer* knows or believes that the *the lawyer* is or may be a witness necessary to establish an essential fact on behalf of *the lawyer's* client....

SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 3.08(a) (1990) (emphasis added). At the time he testified, counsel was not appellants' attorney of record, nor even licensed as an attorney; therefore, he was not bound by the State Bar Rules. While it may be true that if this Court sustains appellants' points of error and the case is remanded to the trial court, counsel's ability to testify in any retrial may be questioned, that situation is only speculative and we do not address it here.

Aside from the fact that counsel was not licensed at the time he testified, the com-

ments section to rule 3.08 supports our decision to deny appellees' motion to disqualify. Comment four addresses the concern that allowing a lawyer to serve as both an advocate and a witness for a client creates a possible confusing situation *for the finder of fact.* As an appellate court does not act as a factfinder, the risk of confusion in an appellate setting is eliminated.

Comment nine states that rule 3.08 "sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification." Comment ten provides that rule 3.08 should only be used in procedural disqualification disputes, where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles. Most importantly, rule 3.08 should not be used "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice."

Appellees have not shown this Court any actual prejudice that would result from allowing counsel to continue to represent appellants in this appeal. To the contrary, we find that disqualifying counsel would deprive appellants of the right to be represented by the counsel of their choice.

Appellees' motion to disqualify counsel is denied.

 Appellees also move this Court to dismiss appellants' appeal because appellants' attorney of record did not sign their brief. Joe Alfred Izen, Jr. previously represented appellants in this appeal. Appellants' brief is signed by P. Ransom Cornish. Nothing in the record implies Cornish and Izen are affiliated with each other, so there is nothing to indicate they both represent appellants. If this were the current state of the record, appellees' contention could have merit. However, on March 28, 1991, this Court granted appellants' motion to substitute Cornish as attorney of record. Appellants' brief was not filed until June 17, 1991, 81 days after the motion to substitute was granted. The brief was signed by Cornish, appellants' substituted counsel of record. *See* Tex.R.App.P. 4(a)

(every brief must be signed by at least one of the attorneys for the party).

Appellees' motion to strike is denied.

In response to appellees' motions, appellants ask this Court to sanction appellees for a frivolous motion. Before sanctions can be imposed, the record must clearly show that appellees' had no reasonable basis on which to believe their motions would be granted. *See Beago v. Ceres,* 619 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1981, no writ) (regarding imposition of frivolous appeal damages). Because appellees' motion to disqualify presented an issue of first impression, we cannot say the filing of the motion was frivolous.

Appellants' motion for sanctions is denied.