**Irma MAY, Relator,**

v.

**The Honorable Thomas CROFTS, Sitting by Assignment in the 76th Judicial District Court, Respondent.**

No. 06–93–00109–CV.

Court of Appeals of Texas, Texarkana.

Dec. 28, 1993.

Robert M. Bandy, Tyler.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Irma May filed a motion for leave to file a petition for writ of mandamus directing The Honorable Thomas Crofts, sitting by assignment in the 76th Judicial District Court, to rescind his order denying May's motion to disqualify attorney Bird Old, III, as attorney for the proponents in a will contest. She further asks this Court to order the judge to disqualify Old from continuing to act as an attorney in that will contest. We refuse to issue a writ of mandamus.

Attorney Bird Old, III, prepared a will for Frank May in April 1992. May died shortly thereafter, and Old filed an application for probate of the will and for issuance of letters testamentary on behalf of executrix Hazel Wallace. May's will left most of his estate to his surviving sisters and nothing to his surviving spouse, Irma May.

Irma May filed a suit to set aside the order admitting the will to probate on the grounds that Frank May lacked testamentary capacity at the time the will was executed; that the will was not executed with the required formalities; and that the will was executed as a result of undue influence exerted over Frank May by Hazel Wallace, Pearl Henry, and Bird Old, III. Irma May also filed a motion to disqualify Old in the will contest because she asserts that she intends to call Old as a witness. The court denied the motion.

■ Irma May argues that Bird Old, III, is disqualified to act in the will contest under the terms of Section 3.08 of the Texas Disciplinary Rules of Professional Conduct.[1] Irma May points to the record of the hearing on the motion to disqualify, attached to her motion before this Court, and argues that

1. That rule provides:
   RULE 3.08  LAWYER AS A WITNESS
   (a) A lawyer shall not accept or continue employment in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
   (1) the testimony relates to an uncontested issue;
   (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
   (3) the testimony relates to the nature and value of legal services rendered in the case;
   (4) the lawyer is a party to the action and is appearing pro se;  or
   (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.
   (b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.
   (c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter.
   Tex.Disciplinary R.Prof.Conduct 3.08 (1989), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. (Vernon Supp.1994) (State Bar Rules art. X, § 9).

Old drafted and supervised the execution of the will; that he knew or should have known that his testimony would be material in proving the will; and that he does not come within any of the exceptions set out in Rule 3.08.

▮▮▮ Irma May also argues that the provisions of Section 3.08 are mandatory and that the trial court has a ministerial duty to enforce them by disqualifying Old and his law firm in the will contest. Her argument seems to assert that because she intends to call Old as a witness, he is automatically disqualified from acting as attorney in the will contest. However, under Rule 3.08, an attorney is not automatically disqualified under such circumstances. *See* Robert K. Wise, *The Lawyer–Witness Rule: A Comparison of a Lawyer's Ability to be Both a Witness and an Advocate Under the Texas Code of Professional Responsibility and the Texas Disciplinary Rules of Professional Conduct,* 31 So.TEX.L.REV. 651, 672 (1990). This rule should rarely be the basis for disqualification. *Id.* at 663. Although the Rules of Professional Conduct may be relevant when determining an attorney's disqualification to serve in a case, the primary function of the rules is to define proper conduct for purposes of professional discipline. TEX.DISCIPLINARY R.PROF.CONDUCT preamble para. 10 (1989); *see Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990). Nor has Irma May established that Old's continued representation of the estate is prohibited by Rule 3.08. There is no evidence showing what Old would testify to or that he is a witness who is necessary to establish an essential fact on behalf of his client. At oral argument, Old indicated that he did not intend to call himself as a witness. Rather, Irma May's attorney is the one who claims he wants to call Old as a witness.

▮▮▮ Rule 3.08 should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice, because reducing the

rule to such use would subvert its purpose. *Ayres,* 790 S.W.2d at 556 n. 2; TEX.DISCIPLINARY R.PROF.CONDUCT. 3.08 cmt. 10 (1989). In *Ayres,* the court held that, in order to prevent such misuse of Rule 3.08, a trial court should require the party seeking disqualification to demonstrate actual prejudice to *itself* resulting from the opposing lawyer's service in the dual roles. *Ayres,* 790 S.W.2d at 558; TEX.DISCIPLINARY R.PROF.CONDUCT 3.08 cmt. 10 (1989).[2]

We initially granted Irma May's motion for leave to file the petition for writ of mandamus because we were of the tentative opinion that she was entitled to the relief sought. We have reviewed her petition and brief and the response filed by the real parties in interest and have heard the oral arguments of the parties. Upon further consideration, we now conclude that May has not shown that she will be prejudiced by Old's serving in dual roles of witness and counsel for the will's proponents. The trial court did not abuse its discretion in overruling May's motion to disqualify Old.

The petition for writ of mandamus is overruled.

GRANT, Justice, dissenting.

The rules governing the State Bar of Texas have the same force and legal effect upon the matters to which they relate as the Texas Rules of Civil Procedure have upon the matters to which they relate. *Warrilow v. Norrell,* 791 S.W.2d 515 (Tex.App.—Corpus Christi 1989, writ denied). The disciplinary rules, unlike ethical considerations, are mandatory in character because they establish the minimum level of conduct below which no lawyer can fall. *United Pacific Ins. Co. v. Zardenetta,* 661 S.W.2d 244, 249 (Tex.App.—San Antonio 1983, no writ). Rule 3.08 of the State Bar Rules disqualifies an attorney who is or may be a witness on behalf of his client to withdraw unless he falls within one of the five exceptions.

---

2. *See also Schwager v. Texas Commerce Bank, N.A.,* 813 S.W.2d 225, 227 (Tex.App.—Houston [1st Dist.] 1991, no writ) (Rule 3.08 should only be used in procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting

from the opposing lawyer's service in the dual roles of witness and counsel for the opposite side, citing comment ten of Rule 3.08). Irma May has failed to show that she will be prejudiced to any degree by Old's participation in the case.

It is undisputed that Bird Old, III, prepared the will which is being contested and is alleged to be a person asserting undue influence upon the testator. The mere announcement by an adversary of his intention to call opposing counsel as a witness is insufficient to orchestrate counsel's disqualification. *United Pacific Ins. Co. v. Zardenetta,* 661 S.W.2d at 248. In the present case, however, it is clear that Old's testimony would bear upon two crucial issues in the will contest case: (1) the testator's mental capacity to make the will and (2) whether there was undue influence asserted on the testator. His personal knowledge of facts concerning these issues makes it likely that he may be called as a witness.[3] Old has not shown that he comes under any one of the five exceptions to Rule 3.08.

The majority opinion concludes that the party seeking disqualification has not demonstrated an actual prejudice to itself from Old's service in dual roles, relying on *Ayres v. Canales,* 790 S.W.2d 554 (Tex.1990). In the *Ayres* case, the Supreme Court found that, given the distinct facts of that case, there was not a compelling basis for disqualification. The *Ayres* case involved a lawsuit seeking a declaratory judgment concerning a referral fee agreement. The court found that Subsection (a)(4) of 3.08 of the State Bar Rules applied to the facts of that case because Ayres did not accept employment in the underlying lawsuit and because he was a party seeking to appear pro se. The Supreme Court went on to say that, in order to prevent misuse of the rule, the trial court should require the party seeking disqualification to demonstrate actual prejudice to itself resulting from the opposing lawyer's service in dual roles.

The most common justification given for the advocate-witness rule is that when an attorney representing a party also serves as a witness who testifies as to a controversial or contested matter, there exists a potential danger that the jury will confuse the roles of the counsel. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as analysis of the proof. *Ayres v. Canales,* 790 S.W.2d at 557 n. 1. It is difficult to imagine how this type of prejudice could be proved except by inference when counsel takes an active part in the trial as well as testifying as a witness on matters which go to the heart of the controversy. While it is true that, at this point, no such testimony has been offered, under the circumstances it must be anticipated that the testimony by counsel will be crucial. It would be better for counsel Old to be prohibited from participating in the trial as trial counsel at this point in the proceedings than to determine after the trial that active participation in both roles was prejudicial to the other party.

I respectfully dissent.

---

3. The majority opinion found that because Old has suggested that he did not intend to call himself as a witness, then Rule 3.08 is not applicable to him. This rule, however, does not apply only to an attorney calling himself as a witness. It applies to an adverse witness or a hostile witness called by the opposing party also, and it applies to both a lawyer-witness testifying favorably to his client (Rule 3.08(a)) and to a lawyer-witness testifying adversely to his client (Rule 3.08(b)).