TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-00-00722-CV






Texas Workers' Compensation Insurance Fund, Appellant



v.



Impace International, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 97-13221 HONORABLE MARGARET COOPER, JUDGE PRESIDING






 We grant the motion for rehearing filed by the Texas Workers Compensation
Insurance Fund. We withdraw the opinion and judgment dated June 29, 2001 and substitute the
following opinion in its place.

 The Fund appeals the district court's award of $1500 in attorney's fees as sanctions
against the Fund. The court awarded the sanctions in conjunction with its denial of the Fund's
motion to reinstate its suit against Impace International, Inc. The Fund does not challenge the denial
of the motion to reinstate, (1) but contends that the sanctions are not supported by the facts or the law. 
We will affirm the award of sanctions.

 From the clerk's record, the following chronology is apparent. On November 25,
1997, the Fund filed suit seeking a declaration that Impace owed $339,492 in premiums due for
workers' compensation insurance coverage the Fund provided Impace from January 1995 to July
1996. The next activity listed on the case's docket sheet is the district court's placement of the case
on the dismissal docket in June 2000. On August 11, 2000, the district court dismissed this suit for
want of prosecution. The dismissal order recited that the suit had been pending in the district court
for longer than the standard set forth in the Texas Rules of Judicial Administration and the Local
Rules of Procedure for the Travis County District Courts. (2) The order also recites that the court had
sent notice of its intention to dismiss the suit for want of prosecution.

 The Fund stated in its motion to reinstate that it had intended, but failed, to file a
motion to retain before the dismissal; the Fund contended that its failure was due to accident or
mistake, not intent or conscious indifference.

 At the hearing, the Fund's attorney further explained that the case had slipped through
the cracks due to a series of mishaps. She said the case was not properly docketed in her office's
internal system and that, when the attorney in charge went on leave, it was not reassigned. When
the case was dismissed, she referred it to an investigatory unit to determine whether the Fund should
pursue the case; she did not get the report in time to file a motion to retain. 

 Impace argued that the Fund's motion to reinstate was groundless because the suit
was barred by limitations and was tainted by the bad faith that colored the Fund's dealings with
Impace. Impace argued that the Fund's failure to serve Impace for more than three years meant the
suit could not succeed because the dismissal of the suit in August 2000 meant that the four-year
statute of limitations would bar pursuit of the claims for payments due in July 1996. The Fund did
not respond to this argument except to assert that the statute of limitations defense was something
the Fund would have to consider when going forward with the case after reinstatement. The Fund
did not in the district court rebut Impace's contention, supported by an affidavit (attached to
Impace's motion but not offered into evidence at the hearing) that this suit had been filed before the
Fund assured Impace it could avoid prosecution by producing documents.

 After our original opinion in this appeal, the Fund filed a motion for rehearing;
Impace filed a response, a motion to strike, and a motion for damages; and the Fund filed responses
to those new motions and a motion to take judicial notice.

 The Fund contends in its first issue on appeal that the district court abused its
discretion by awarding sanctions under Texas Rule of Civil Procedure 13 because no evidence
supports such an award.

 Rule 13 authorizes the trial court to impose sanctions for the filing of a pleading that
is groundless and brought either in bad faith or for the purpose of harassment. See Tex. R. Civ. P.
13; Emmons v. Purser, 973 S.W.2d 696, 699 (Tex. App.--Austin 1998, no pet.) (citing the cases that
follow). When determining the propriety of Rule 13 sanctions, the trial court must examine the
circumstances existing when the litigant filed the pleading. Home Owners Funding Corp. v.
Scheppler, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ). The trial court must
base its sanctions on the acts or omissions of the represented party or counsel, not on the legal merit
of a pleading or motion. Zarsky v. Zurich Mgmt., Inc., 829 S.W.2d 398, 400 (Tex. App.--Houston
[14th Dist.] 1992, no writ). The denial of a motion or pleading does not alone entitle the prevailing
party to Rule 13 sanctions. Schwager v. Texas Commerce Bank, N.A., 813 S.W.2d 225, 226 (Tex.
App.--Houston [1st Dist.] 1991, no writ). Courts should presume parties and their counsel file all
papers in good faith, and the party seeking sanctions must overcome that presumption. GTE
Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 731 (Tex. 1993). 

 Imposition of sanctions under Rule 13 is subject to the trial court's discretion. 
Emmons, 973 S.W.2d at 699. We will set aside that decision only for a clear abuse of discretion. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court abuses its discretion by acting
arbitrarily, unreasonably, or without reference to any guiding principles. Buller, 806 S.W.2d at 226. 
A trial court abuses its discretion in imposing sanctions only if it bases its order on an erroneous
view of the law or a clearly erroneous assessment of the evidence. Home Owners, 815 S.W.2d at
887-89.

 Before applying these standards of review, we must determine the scope of the record
available for our review. The Fund asserts for the first time in its motion for rehearing that an
affidavit of an Impace employee attached to Impace's Objection to Plaintiff's Motion to Reinstate
and Request for Attorney's Fees was not before the district court because it was not offered into
evidence at the hearing on the motion to reinstate. The Fund cites no authority for the proposition
that the district court could not consider this affidavit. Setting aside whether the Fund has waived
this argument by failing to raise it at the hearing in the district court, in a post-hearing motion, or in
its appellate brief, we conclude that the district court could properly consider the affidavit. The
hearing was not a trial, but a hearing on a motion to reinstate and to impose sanctions. The supreme
court has held that, in considering a motion for new trial following a default judgment, a court can
consider uncontroverted affidavits attached to the motion for new trial even if there is a hearing on
the motion. Director, State Employees Workers' Compensation Div. v. Evans, 889 S.W.2d 266, 268-69 (Tex. 1994). The court wrote:


 In [Strackbein v. Prewitt, 671 S.W.2d 37, 38-39 (Tex.1984)], since there was no
record of the hearing and the nonmovant did not file controverting affidavits, the
movant's evidence was uncontroverted and supported the requirements of Craddock. 
The court of appeals could only look to the evidence before it (the motion and
supporting affidavits) to determine if the trial court abused its discretion in denying
a new trial. Strackbein does not require a movant to introduce its supporting
affidavits as evidence in order for them to be considered by the trial court. In the
case at hand, although there were affidavits filed by the nonmovant and a record of
the hearing was preserved, nothing presented was sufficient to controvert the factual
assertions in the State's motion for new trial and attached affidavits.


Evans, 889 S.W.2d at 268-69. We conclude that the hearing on the motion to reinstate and for
sanctions is sufficiently similar to allow the court to examine the pleadings and attachments to those
pleadings when making its rulings.

 In the affidavit, Carol Yates asserts that she has personal knowledge of the facts in
her affidavit, including that she has been an officer of Impace during all times material to the dispute. 
She avers that she was present at a meeting with the Fund's attorneys on December 16, 1997, in
which Impace representatives discussed with the Fund's attorneys what documentation the Fund
wanted from Impace. Yates avers that the Fund's attorney represented that, upon receipt of specified
materials, the Fund would not bring action against Impace for additional premiums. Yates avers that
she provided all of the materials the Fund requested in February 1998 and did not hear from the Fund
again until the motion to retain, filed in September 2000. Yates also swore that Impace was never
served with the suit.

 We find nowhere in the record of this suit that the Fund contradicts any of Yates's
averments until the Fund's motion for rehearing on appeal. The record supports the Fund's assertion
that Impace did not file the affidavit with the district court until the day of the hearing; (3) the Fund
argues in its motion for rehearing on appeal that it therefore did not have the opportunity to respond
to the affidavit at the hearing. However, the Fund did not seek a continuance of the hearing on the
motion for attorney's fees. The Fund did not file a motion for reconsideration supported by evidence
contradicting Yates's sworn statements. The Fund's assertions in its motion for rehearing on appeal
that it investigated Yates's averments and that the Fund's previous attorney denied representing that
the Fund would not sue if Impace provided certain documents are not supported by references to the
record that was before the district court.

 In Rule 13, groundless is defined as having "no basis in law or fact and not warranted
by good faith argument for the extension, modification, or reversal of existing law." Tex. R. Civ.
P. 13. The district court awarded the sanctions based on the Fund's motion to reinstate, in which the
Fund had to show that its failure to prosecute was not intentional or the result of conscious
indifference but was due to an accident or mistake. See Tex. R. Civ. P. 165a(3). The district court
was limited to the record before it--a record which contained pleadings, motions, and an
uncontroverted affidavit showing the following: (1) the Fund filed suit in November 1997, seeking
recovery for failure to pay premiums due for coverage provided through July 1996; (2) in December
1997, the Fund told Impace representatives that it would not sue Impace if they provided certain
documents; (3) Impace provided the documents in February 1998; (4) in June 2000--more than
thirty months after the suit was filed, fifteen months beyond the state guidelines for resolution of
civil cases, and two years beyond the date local rules permit dismissal of civil cases in which, as
here, no answer has been filed--the district court placed the case on the dismissal docket; (5) in
August 2000, more than two months after placing the case on the dismissal docket, having received
no motion to retain from the Fund, the district court dismissed the case for want of prosecution; and
(6) the Fund never served notice of the suit on Impace, which learned of the suit when notified of
the motion to reinstate filed in September 2000. The only statute of limitations asserted in the
district court was a four-year period, the only asserted accrual date was more than four years past,
and service did not appear to have been attempted diligently--supporting the argument that
limitations barred the Fund's suit. (4) See Gonzalez v. Phoenix Frozen Foods, Inc., 884 S.W.2d 587,
590 (Tex. App.--Corpus Christi 1994, no writ) (failure to serve for fourteen months and misplaced
reliance on process server not due diligence, thus limitations not tolled). The Fund did not cite any
authority to the district court, at the hearing or afterward, that would permit the Fund to pursue this
suit. Accordingly, we find no abuse of discretion in the district court's decision, based on the record
before it, that the Fund's motion to reinstate was groundless. This Court takes no position on
whether the Fund's claims against Impace are barred by limitations; we hold only that the district
court in this case did not abuse its discretion by determining that the Fund failed to present a basis
in law or in fact on which this suit should be reinstated.

 Courts have interpreted the bad faith requirement of Rule 13 to mean not simply bad
judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or
malicious purpose. Campos v. Ysleta Gen. Hosp., Inc., 879 S.W.2d 67, 71 (Tex. App.--El Paso
1994, writ denied). Notwithstanding any mistakes in the Fund's internal docketing of the case, the
court did not abuse its discretion by finding the Fund's bad faith in filing the motion apparent from
the record and evidence (5) in this case. The record before the district court showed that the Fund filed
a suit in 1997, then told Impace it could avoid being sued by producing documents; the record
contained uncontroverted evidence that Impace produced the documents in 1998, but thirty months
later, the Fund filed this motion seeking to reinstate the suit that it assured Impace it would not file. 
The Fund moved to reinstate this case even though it failed to serve Impace with citation for thirty-three months, more than a month after the only limitations period raised in the district court expired. 
We find no abuse of discretion in the district court's conclusion that the Fund's motion to reinstate
was consciously filed for a dishonest or malicious purpose in a case which appeared from the
district-court record to be tainted with misrepresentations near its inception, ignored during its
pendency, and barred by limitations at its termination. (6) We resolve issue one in favor of the
sanctions award.

 In its second issue, the Fund argues that the district court abused its discretion by
failing to specify the particulars underlying the sanction. Rule 13 requires that sanctions be imposed
only for good cause, "the particulars of which must be stated in the sanction order." Tex. R. Civ.
P. 13. Though the court's order does not use the language of Rule 13, it uses similar language,
finding the filing of the motion to reinstate "frivolous, unreasonable, and without foundation." (7) 
These terms correlate to groundless and bad faith in the language of Rule 13. This motion did not
require a great deal of particularity. This is not a case in which the court awarded sanctions for an
unspecified action within a case filled with activity. When the court awarded sanctions in this case,
the Fund had filed a petition and a motion to reinstate. The sanctions order specifies that it pertains
to the motion to reinstate and describes the problem with the Fund's action--the motion was
frivolous, unreasonable, and without foundation. We find no error in the sanctions order.

 We further conclude that any deficiency in the order was harmless. See Bloom v.
Graham, 825 S.W.2d 244, 247 (Tex. App.--Fort Worth 1992, writ denied). Certainly, the order
could have been more specific, but its lack of detail did not prevent the Fund from presenting its case
on appeal. The clerk's record is fairly brief--most of the activity occurred after the sanctions
order--and the reporter's record briefer yet. The sanctions motion and order related specifically to
the filing of the motion to reinstate. The facts and conclusions underlying the award are sufficiently
clear. Finding no harmful abuse of discretion in the terseness of the order, we resolve issue two in
favor of the order.

 By the remaining three issues on appeal, the Fund contends that sanctions cannot be
assessed against it under Texas Civil Practice and Remedies Code section 105.002. We need not
address these issues because we have found the sanctions supportable under Rule 13. See Tex. R.
App. P. 47.1.

 We grant the motion for rehearing and overrule all other pending motions. (8) We
affirm the award of $1500 in attorney's fees as sanctions against the Fund.



 

 Bea Ann Smith, Justice


Before Justices Kidd, B. A. Smith, and Puryear

Affirmed

Filed: August 30, 2001

Do Not Publish

1. The Fund has apparently filed a new suit against Impace.
2. The Texas Rules of Judicial Administration provide that district judges should, "so far as
reasonably possible, ensure that all cases are brought to trial or final disposition in conformity with
the following time standards: . . . b. Civil Cases Other Than Family Law. (1) Civil Jury Cases. 
Within 18 months from appearance date. (2) Civil Nonjury Cases. Within 12 months from
appearance date." Tex. R. Jud. Admin. 6.


The local rules provide:


 The following cases are eligible for dismissal for want of prosecution under
this chapter pursuant to T.R.C.P. 165a


 (a) Cases on file for more than 180 days in which no answer has been filed.


 (b) Cases which have been on file for more than eighteen months and are not set
for trial and have had no filings or settings within 180 days.


 (c) Cases in which a party or the party's attorney has failed to take any action
specified by the Court.


 (d) Any other case designated by the Court.


Loc. R. Civ. P. for Travis County Dist. Cts. 11.1.
3. The Fund asserts in its motion for rehearing on appeal that the copy of Impace's motion faxed
to the Fund did not include Yates's affidavit. 
4. In response to Impace's motion to strike the Fund's motion for rehearing on appeal, the Fund
requests that we take judicial notice of the fact that, in the Fund's new case against Impace, the
district court denied Impace's motion for summary judgment based on statute of limitations. The
Fund touts this ruling as a rejection of the limitations defense and a substantiation of its motion to
reinstate this case. The denial of Impace's motion for summary judgment is not a final determination
that Impace's limitations defense is meritless. More important, the denial of Impace's motion in the
new suit is not germane to whether the district court in this case abused its discretion by concluding
on the record in this suit that the Fund failed to present a basis for its motion to reinstate this suit.
5. Courts have held that pleadings alone cannot justify sanctions under Rule 13 because they
provide no insight into the motivations and credibility of the sanctioned party and its attorney. See
Karlock v. Schettman, 894 S.W.2d 517, 523 (Tex. App.--Fort Worth 1995, orig. proceeding);
McCain v. NME Hospitals, Inc., 856 S.W.2d 751, 757 (Tex. App.--Dallas 1993, no writ). Those
cases do not control here because the Yates affidavit gave insight into the Fund's course of action;
also, the Fund, not its attorney, was sanctioned, and the attorney who signed the motion to reinstate
was at the hearing and explained her and her client's actions at the hearing as an officer of the court,
though not under an oath administered at the hearing.
6. We reiterate that this opinion is based on the record before the district court in this case. Even
if courts in other cases determine that the Fund's attorney did not represent that the Fund would not
file suit--perhaps Impace misunderstood the Fund's attorney's statements--and that the Fund's
claims are not barred by limitations, that does not change the record the district court in this case had
before it when it assessed sanctions. We note that there is no determination in this case that
limitations bars the Fund's claims. We note further that this suit was dismissed without prejudice. 
We note finally that our review is for an abuse of discretion and nothing more.
7. This language tracks the language of Texas Civil Practice and Remedies Code section 105.002.
8. Impace filed a motion to publish the original opinion in this cause. After the Fund's motion
for rehearing on appeal, Impace filed a motion to strike and a motion for damages. The Fund
responded with a motion to take judicial notice of facts concerning the denial of Impace's
limitations-based motion for summary judgment filed in the Fund's suit against Impace filed in
October 2000.