In re John K. Chu
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-272-CV

IN RE JOHN K. CHU


 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      This case concerns a petition for writ of mandamus. John K. Chu petitions this Court to
issue a writ of mandamus to Respondent, the Hon. John H. Jackson, Judge of the 13th District
Court, Navarro County, Texas, ordering him to vacate certain orders. The underlying cause
concerns a petition to modify custody of John’s four children by his former wife, Kimberly.


 
One of these orders denied John’s motion to disqualify the children’s attorney ad litem, Paul
Fulbright, and the other awarded interim attorney’s fees to Fulbright. John filed a motion for
temporary relief in this Court. See Tex. R. App. P. 52.10. We stayed the ad litem fees order
and requested responses to the petition. Kimberly and the children have filed separate
responses. We will deny the petition.
LEGAL BACKGROUND
      The writ of mandamus is “[a] writ issued by a superior court to compel a lower court or
government officer to perform mandatory or purely ministerial duties correctly.” Black’s
Law Dictionary 973 (7th ed. 1999). “Mandamus is an extraordinary remedy available only
in limited circumstances . . . .” In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179
Tex. 2003) (orig. proceeding) (per curiam). “Mandamus issues only to correct a clear abuse
of discretion or the violation of a duty imposed by law when there is no other adequate remedy
by law.” In re State Bar of Tex., 113 S.W.3d 730, 733 (Tex. 2003) (orig. proceeding)
(quoting Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). “The
burden of establishing an abuse of discretion and an inadequate appellate remedy is on” the
relator, “and this burden is a heavy one.” See In re CSX Corp., 124 S.W.3d 149, 151 (Tex.
2003) (orig. proceeding) (per curiam). “A clear abuse of discretion occurs when an action is
‘so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.’” Id.
(quoting CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding)).
“Extraordinary circumstances do not exist when a trial court’s ruling is merely incidental to
the trial process and does not permanently deprive a party of substantial rights.” In re
Masonite Corp., 997 S.W.2d 194, 200 (Tex. 1999) (orig. proceeding). “When reviewing
matters committed to a trial court’s discretion, an appellate court may not substitute its own
judgment for the trial court’s judgment. Nor may a reviewing court set aside the trial court’s
finding unless it is clear from the record that the trial court could only reach one decision.” In
re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam)
(internal citation omitted).
      This case concerns the statutes on attorneys ad litem. The appointment of attorneys ad
litem in suits affecting the parent-child relationship is governed by Texas Family Code Chapter
107, Subchapters A and B. See Tex. Fam. Code Ann. §§ 107.001-107.023 (Vernon Supp.
2004). The Seventy-Eighth Legislature substantially amended Chapter 107. See Act of May
27, 2003, 78th Leg., R.S., ch. 262, 2003 Tex. Gen. Laws 1173. Those changes, however,
affect only suits filed on or after the effective date of the Act, September 1, 2003. Id. §§ 2-3,
2003 Tex. Gen. Laws at 1183. Prior law is carried forward for suits filed before that date. Id.
§ 2. The instant cause, in which the petition to modify was filed in March, 2003, is governed
by prior law, which we cite.
ANALYSIS
Disqualification of Attorney ad Litem
      John’s main argument is that we should issue the writ to direct Respondent to vacate his
order denying John’s motion to disqualify Fulbright. Although John’s motion in the trial court
and the parties’ briefing here speak in terms of attorney disqualification, it appears from the
case to which they refer that the issue is mostly one of objection to and removal of an attorney
ad litem under former Texas Family Code Section 107.006(c).


 See Gonzalez v. Gonzalez, 26
S.W.3d 657 (Tex. App.—San Antonio 2000, no pet.); Act of May 28, 1997, 75th Leg., R.S.,
ch. 1294, § 4, 1997 Tex. Gen. Laws 4930, 4932, repealed by Act of May 27, 2003, 78th
Leg., R.S., ch. 262, § 1, 2003 Tex. Gen. Laws at 1178. We address the issues of
disqualification and removal separately.
      Moreover, in his petition, John argues grounds of disqualification or removal that he did
not argue in the trial court. We do not consider arguments in a petition for writ of mandamus
which were not presented to the trial court. See In re Am. Optical Corp., 988 S.W.2d 711,
714 (Tex. 1998) (orig. proceeding) (per curiam).
Disqualification of Attorney
      John argues that Respondent abused his discretion in overruling John’s motion to
disqualify Fulbright. The only arguable ground of disqualification is that Fulbright may be a
witness in the suit. Respondent did not abuse his discretion in denying John’s motion to
disqualify Fulbright premised on this ground.
      Although John raises several grounds for Fulbright’s disqualification or removal, most
cannot even arguably support disqualification. “Attorney disqualification litigation generally
involves considerations of conflict of interest, either between an attorney’s duties to different
clients or between the attorney’s duties to the client and the profession and the public interest.” 
Nina Cortell et al., Disqualification of Lawyers and Judges, in 1 State Bar of Tex. Prof.
Dev. Program, Advanced Civil Trial Course I, I-4 (1999). Only one of John’s grounds,
the attorney-witness rule, codified in Texas Disciplinary Rule of Professional Conduct 3.08,
could support disqualification. See Tex. Disciplinary R. Prof’l Conduct 3.08, reprinted in
Tex. Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X,
§ 9). The attorney-witness rule falls within this category because of the risk of confusion of
the factfinder between the attorney-witness’s roles as attorney, in which the attorney advocates
persuasively for a client, and as witness, in which the witness testifies from personal
knowledge and the factfinder must judge the witness’s credibility. See id. cmt. 4; Anderson
Producing, Inc. v. Koch Oil Co., 929 S.W.2d 416, 422 (Tex. 1996).
      John cites Rule 3.08 and ethics opinions relying on predecessors of that rule as a basis for
disqualification of Fulbright. See Tex. Disciplinary R. Prof’l Conduct 3.08; Comm. on
Prof’l Ethics, State Bar of Tex., Op. 363, 36 Tex. B.J. 372 (1973); Comm. on Interpretation
of the Canons of Ethics, State Bar of Tex., Op. 234 (1961), reprinted in 18 Baylor L. Rev.
195, 314 (1966).
      As quoted by John, Rule 3.08 provides:
      A lawyer shall not accept or continue employment as an advocate before a
tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or
believes that the lawyer is or may be a witness necessary to establish an essential fact
on behalf of the lawyer’s client, unless:
      (1)  the testimony relates to an uncontested issue.Tex. Disciplinary R. Prof’l Conduct 3.08(a).
      “Although Rule 3.08 was promulgated as a disciplinary standard, rather than a procedural
disqualification standard,” the Texas Supreme Court has “recognized that ‘the rule articulates
considerations relevant to a procedural disqualification determination.’” Anderson Producing,
929 S.W.2d at 421 (quoting Ayres v. Canales, 790 S.W.2d 554, 556 n.2 (Tex. 1990) (orig.
proceeding)).
      The Texas Supreme Court has held that mandamus will lie to correct the erroneous denial
of a motion to disqualify counsel, at least where a conflict of interest involving a former client
is concerned. In re EPIC Holdings, Inc., 985 S.W.2d 41, 54 (Tex. 1998) (orig. proceeding);
Nat’l Med. Enters., Inc. v. Godbey, 924 S.W.2d 126, 133 (Tex. 1996) (orig. proceeding). We
assume without deciding that mandamus will lie in cases involving the attorney-witness rule. 
See, e.g., In re Bahn, 13 S.W.3d 865, 872-73 (Tex. App.—Fort Worth 2000, orig.
proceeding).
      The trial court’s denial of an attorney disqualification motion is reviewed on an abuse of
discretion standard. Syntek Fin. Corp. v. Metro. Life Ins. Co., 880 S.W.2d 26, 32 (Tex.
App.—Dallas), rev’d on other grounds, 881 S.W.2d 319 (Tex. 1994). “In considering a
motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a
party from using the motion as a dilatory trial tactic” or for other tactical purposes. Nitla, 92
S.W.3d at 422; accord EPIC Holdings, 985 S.W.2d at 58.
      “[U]nder Rule 3.08, an attorney is not automatically disqualified” merely because that
attorney’s opponent intends to call the attorney as a witness. May v. Crofts, 868 S.W.2d 397,
399 (Tex. App.—Texarkana 1993, orig. proceeding). To the contrary, Rule 3.08 “should
rarely be the basis for disqualification.” Id. The disqualification movant “must present
evidence that the testimony of the lawyer is ‘necessary’ and that it goes to an ‘essential fact’ of
the nonmovant’s case.” In re A.M., 974 S.W.2d 857, 864 (Tex. App.—San Antonio 1998, no
pet.) (quoting Tex. Disciplinary R. Prof’l Conduct 3.08). “Disqualification is not
appropriate under this rule when opposing counsel merely announces his intention to call the
attorney as a fact witness; there must be a genuine need for the attorney’s testimony that is
material to the opponent’s client.” Id. Moreover, “[e]ven if a lawyer violates a disciplinary
rule, the party requesting disqualification must demonstrate that the opposing lawyer’s conduct
caused actual prejudice that requires disqualification.” Nitla, 92 S.W.3d at 422.
      John’s disqualification argument concerns Fulbright’s filing of a motion to suspend the
order providing for John’s visitation with the children. The terms of the Chus’ Wyoming
divorce decree provided for a two-month period of summer visitation by John. On July 3,
2003, Fulbright filed a Petition for Temporary Suspension of Visitation by John Chu. 
Fulbright’s petition sought temporary orders suspending John’s summer visitation, on the
grounds that John intended to take the children to Wyoming by car, and that two of the
children were too sick to travel. At the time, both John’s and Kimberly’s attorneys were out
of town, and had vacation letters on file. Respondent granted the petition ex parte, and
suspended John’s visitation until the children’s doctor certified that they were able to travel. 
On July 8, John filed his objections to the suspension, and requested a hearing on the
suspension. The trial court set a hearing on July 16. By the time of the hearing, the children’s
doctor had certified that they were able to travel, and John received possession of the children. 
      Of the five exceptions to Rule 3.08, John quotes only one: that “the testimony relates to an
uncontested issue.” See Tex. Disciplinary R. Prof’l Conduct 3.08(a)(1). In this
connection, John’s argument emphasizes that “[t]his case is NOT uncontested, and the
contested issues and the ex parte hearing are clearly related to [John]’s summer custody /
access with the children which have been in contest since the inception of the modification
matters.” John argues that Fulbright “knew or should have known that he would be a material
witness to the events and circumstances surrounding the suspension of [John]’s summer
custody.”
      Rule 3.08 prohibits a lawyer’s continued employment by a client only when “the lawyer
knows or believes that the lawyer is or may be a witness necessary to establish an essential fact
on behalf of the lawyer’s client.” Tex. Disciplinary R. Prof’l Conduct 3.08(a). John
does not suggest what essential facts Fulbright’s testimony would be necessary to establish on
behalf of Fulbright’s clients, namely the children. In any case, the trial court has already held
a hearing on John’s objections to the suspension of visitation, at which Fulbright did not
testify, and John did not attempt to call Fulbright.
      John also argues that he “had a right to question Attorney Fulbright to determine the issue
of ‘fitness’ as raised in the Amended Motion to Disqualify.” If by this John means to argue
that Fulbright’s testimony would be necessary to establish essential facts on behalf of the
children in the disqualification motion, John again does not suggest what those facts are.
      To the extent that John’s motion to disqualify Fulbright is premised on Rule 3.08,
Respondent did not abuse his discretion in denying the motion.
Removal of Attorney ad Litem
      John also contends that Respondent abused his discretion in overruling John’s objection to
Fulbright’s appointment as attorney ad litem. We assume without deciding that mandamus will
lie to correct the erroneous denial of a motion to remove an attorney ad litem. Respondent did
not abuse his discretion.
      Former Texas Family Code Section 107.006(c) governed the procedure for objection to
and removal of an attorney ad litem. See Act of May 28, 1997, 75th Leg., R.S., ch. 1294,
§ 4, 1997 Tex. Gen. Laws at 4932 (repealed 2003). That section provided:
      A party to a proceeding in which a person is appointed as . . . an attorney ad
litem may object to appointment of the person at any time before the date of the trial
of the proceeding. A party may object under this subsection by filing a written
motion stating the grounds and facts on which the party believes that the person
appointed lacks objectivity or is failing to fulfill the person’s responsibilities as an ad
litem as outlined in the written statement of ad litem responsibilities. The court shall
promptly rule on an objection raised under this subsection and shall order the
removal of the . . . attorney ad litem if the court finds that the objection is justifiable.

Id. Removal of an ad litem under former Section 107.006 “is within the trial court’s
discretion.” In re J.N.F., 116 S.W.3d 426, 437 (Tex. App.—Houston [14th Dist.] 2003, no
pet.).
      John alleges several grounds for removal. We consider them in turn.
      (1)  Fulbright did not timely interview John. Former Family Code Section 107.014
required that “[a]n attorney ad litem appointed to represent a child shall within a reasonable
time after the appointment . . . interview all parties to the suit.” Act of May 28, 1999, 76th
Leg., R.S., ch. 1515, § 1, 1999 Tex. Gen. Laws 5237, 5237 (repealed 2003) (current version
at Tex. Fam. Code Ann. § 107.003 (Vernon Supp. 2004)). Respondent appointed Fulbright
on May 7, 2003. Fulbright attempted to schedule an interview with John as early as July 21. 
Respondent did not abuse his discretion in not removing Fulbright on this ground.
      (2)  Fulbright did not verify his petition to suspend John’s visitation. Family Code Section
105.001 provides, “Except on a verified pleading or an affidavit in accordance with the Texas
Rules of Civil Procedure, an order may not be rendered . . . excluding a parent from
possession of or access to a child.” Tex. Fam. Code Ann. § 105.001(c) (Vernon Supp.
2004). If the failure to verify the petition to suspend visitation is a pleading defect, John does
not argue, and we do not perceive, how the defect calls for Fulbright’s removal as attorney ad
litem. Respondent did not abuse his discretion in not removing Fulbright on this ground.
      (3)  Fulbright did not serve John with a copy of the petition to suspend visitation in
advance of the hearing. Texas Rule of Civil Procedure 21 provides:
      An application to the court for an order and notice of any hearing thereon, not
presented during a hearing or trial, shall be served upon all other parties not less than
three days before the time specified for the hearing unless otherwise provided by
these rules or shortened by the court.

Tex. R. Civ. P. 21. The Rules of Civil Procedure do otherwise provide for ex parte
temporary orders, although Fulbright and Respondent did not completely comply with those
rules. See Tex. R. Civ. P. 680. The Family Code, too, provides for ex parte temporary
orders, although Fulbright and Respondent, again, did not completely comply with the
statutory requirements. See Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1,
sec. 105.001(a), 1995 Tex. Gen. Laws 113, 130 (amended 2003) (current version at Tex.
Fam. Code Ann. § 105.001(a) (Vernon Supp. 2004)); Tex. Fam. Code Ann. § 105.001(b)
(Vernon Supp. 2004); Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 105.001(c),
1995 Tex. Gen. Laws at 130 (amended 2003) (current version at Tex. Fam. Code Ann.
§ 105.001(c)); Tex. Fam. Code Ann. § 105.001(d)-(h) (Vernon Supp. 2004). Of course, a
statute controls over a procedural rule. Collins v. Ison-Newsome, 73 S.W.3d 178, 184 (Tex.
2001). Again, John does not argue, and we do not perceive, how these procedural defects call
for Fulbright’s removal as attorney ad litem. Respondent did not abuse his discretion in not
removing Fulbright on this ground.
      Accordingly, Respondent did not abuse his discretion in not removing Fulbright as
attorney ad litem.
Suspension of Discovery
      Next, John prays that we issue the writ to direct Respondent to vacate his order
suspending discovery. Respondent did not abuse his discretion in suspending discovery.
      “A trial court is vested with broad discretion in the area of discovery.” In re Alcatel USA,
Inc., 11 S.W.3d 173, 182 (Tex. 2000) (orig. proceeding). Mandamus will not lie to review
the abatement of discovery unless the abatement is “of such an egregious nature that it goes to
the heart of [the relator’s] case,” and “permanently deprive[s] [the relator] of substantial
rights.” Polaris Inv. Mgmt. Corp. v. Abascal, 892 S.W.2d 860, 862 (Tex. 1995) (orig.
proceeding) (per curiam). For example, mandamus will lie to correct a seven-year abatement
of “discovery that goes to the heart of the litigation” where the abatement “threatens that
evidence critical to the claims made will become unavailable before discovery can be
conducted.” In re Van Waters & Rogers, Inc., 62 S.W.3d 197, 201 (Tex. 2001) (orig.
proceeding) (per curiam).
      After Fulbright filed the petition to suspend John’s visitation, John filed an amended
answer that included a claim against Kimberly and Fulbright for interference with child
custody. See Tex. Fam. Code Ann. ch. 42 (Vernon 2002). John also served Fulbright with
requests for admission in the child custody interference claim. Fulbright filed a motion to
dismiss the claim, and objections to the requests for admission. Respondent has suspended
discovery pending his ruling on the motion to dismiss.
      We are confident that Respondent will timely rule on the motion to dismiss the claim for
interference with child custody, either making the discovery moot if he grants the motion, or,
if he denies the motion, timely lifting the suspension of discovery. At present, at least,
Respondent has not permanently deprived John of critical discovery, and has not abused his
discretion in suspending discovery.
Denial of Reporter’s Record of Interview with Child
      Next, John prays that we issue the writ to direct Respondent to vacate what John calls an
order prohibiting the court reporter from preparing a record of Respondent’s in camera
interview with one of the children.
      The Texas Family Code provides for an in camera interview of the child by the trial court
in the following terms, in relevant part:
      (a)  In a nonjury trial the court may interview the child in chambers to determine
the child’s wishes as to conservatorship.

      (b)  When the issue of managing conservatorship is contested, on the application
of a party, the court shall interview a child 12 years of age or older and may
interview a child under 12 years of age. . . .

      . . . .

       (d)  On the motion of a party or on the court’s own motion, the court shall cause
a record of the interview to be made when the child is 12 years of age or older. A
record of the interview shall be part of the record in the case.

Tex. Fam. Code Ann. § 153.009 (Vernon 2002). “[T]he goal underlying this legislation is to
allow the child to have input in the lawsuit without requiring the child’s physical presence at
trial . . . .” Debra H. Lehrmann, The Child’s Voice: An Analysis of the Methodology Used to
Involve Children in Custody Litigation, 65 Tex. B.J. 882, 888 (2002).
      Kimberly moved Respondent to interview in chambers Er. G. C., the only child who was
twelve years of age, and Respondent did interview her. John requested a reporter’s record of
the interview, and the court reporter replied by letter to the effect that “the Judge has denied
this request.”
      “As a rule, mandamus is not available to compel an action which has not first been
demanded and refused.” Terrazas v. Ramirez, 829 S.W.2d 712, 723 (Tex. 1991) (orig.
proceeding). John has not requested Respondent to order the court reporter to prepare a
record. John’s correspondence with the court reporter will not support a writ of mandamus
against Respondent.
Attorney ad Litem Fees Order
      Lastly, John prays that we issue the writ to direct Respondent to withdraw his order for
interim attorney ad litem fees.
      Former Family Code Section 107.015 provided for the award of attorney ad litem fees,
including interim fees:
      (a)  An attorney appointed to represent a child . . . is entitled to reasonable fees
and expenses in the amount set by the court to be paid by the parents of the child
unless the parents are indigent.

      (b)  If the court . . . determines that one or more of the parties are able to defray
the costs of an attorney ad litem’s fees and expenses as determined by the reasonable
and customary fees for similar services in the county of jurisdiction, the fees and
expenses may be ordered paid by one or more of those parties, or the court . . . may
order one or more of those parties, prior to final hearing, to pay the sums into the
registry of the court or into an account authorized by the court for the use and benefit
of the attorney ad litem on order of the court. The sums may be taxed as costs to be
assessed against one or more of the parties.

Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 6, 1999 Tex. Gen. Laws 4696, 4697
(amended 2003) (current version at Tex. Fam. Code Ann. § 107.015(a)-(b) (Vernon Supp.
2004)).
      In general, mandamus will not lie to alter the trial court’s award of interim attorney’s fees. 
In re Bissell, 109 S.W.3d 87, 89 (Tex. App.—El Paso 2003, orig. proceeding [mand. denied]). 
This is because, in general, when the trial court awards interim attorney’s fees, there is an
adequate remedy at law. See id. The award of attorney’s fees may be reviewed on appeal of a
final judgment. See In re Ford Motor Co., 988 S.W.2d 714, 722 (Tex. 1998) (orig.
proceeding) (fees as discovery sanction). Mandamus lies to correct the award of interim fees
only in extreme cases in which a “party’s ability to prosecute the case further is jeopardized”
by the party’s payment of, or inability to pay, the fees. Id.
      Respondent ordered John and Kimberly to pay Fulbright $2,682.60 in interim attorney
fees and expenses on the basis of Fulbright’s invoice, ordered John to pay seventy-five percent
of that amount, and ordered the amount paid within thirty days. John does not suggest that the
payment of this amount jeopardizes his ability to continue the litigation. Accordingly,
mandamus will not lie here.
CONCLUSION
      John’s First Amended Petition for Writ of Mandamus is denied. The stay of the trial
court’s order on Fulbright’s Motion for Payment of Interim ad Litem Fees is lifted.
 
 
TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Petition denied
Opinion delivered and filed February 25, 2004 
[CV06]