**Opinion issued September 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-13-00358-CV

————————————————

## IN RE THE WILLIARD LAW FIRM, L.P., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION[1]

In this mandamus proceeding stemming from a legal malpractice case, relator, The Williard Law Firm, L.P., petitions for relief from the trial court's order disqualifying attorney Steve Williard from representing it in the underlying dispute. John Sewell, the respondent, alleges that The Williard Law Firm breached

---

[1] The underlying case is *Sewell v. The Willard Law Firm, L.P.,* No. 1012376 in County Civil Court at Law No. 1 of Harris County, Texas, the Honorable Debra Ibarra Mayfield presiding.

its fiduciary duties and a fee agreement while representing Sewell in a separate dispute. We conditionally grant relief.

## Background

Steve Williard and The Williard Law Firm represented John Sewell in a dispute that resulted in a settlement. Pursuant to the settlement agreement, Sewell obtained title to real property, forgiveness of indebtedness, and $19,500. Sewell executed a promissory note, secured by the real property obtained in the settlement, in payment for legal services that Williard provided pursuant to their fee agreement. Williard obtained a lien against the property, and, claiming that Sewell had defaulted on the note, Williard foreclosed. After the foreclosure, Sewell sued The Williard Law Firm in this suit, alleging that Williard's actions with regard to the promissory note and the foreclosure breached the parties' contingency fee agreement and Williard's fiduciary duties to Sewell. Sewell then sought to disqualify Williard from representing The Williard Law Firm as counsel, arguing that Williard is an essential witness. The trial court disqualified Williard.

## Discussion

### *Standard of Review*

"Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal." *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004).

2

*Attorney Disqualification*

When a lawyer is or may be a witness necessary to establish an essential fact, Texas Disciplinary Rule of Professional Conduct 3.08 prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Rule 3.08 was "promulgated as a disciplinary standard rather than one of procedural disqualification, but [Texas courts] have recognized that the rule provides guidelines relevant to a disqualification determination." *See Sanders*, 153 S.W.3d at 56 (citing *Anderson Prod'g Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 421 (Tex. 1996)).

"Disqualification is a severe remedy." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). It can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). Consequently, in considering a motion to disqualify, a trial court must adhere to an exacting standard to discourage parties from using disqualification motions as dilatory tactics. *Spears*, 797 S.W.2d at 656.

The fact that an attorney serves, or may serve, as both an advocate and a witness does not in itself compel disqualification. *See Ayres v. Canales*, 790 S.W.2d 554, 557–58 (Tex. 1990); *In re Chu*, 134 S.W.3d 459, 464 (Tex. App.—Waco 2004, orig. proceeding); *May v. Crofts*, 868 S.W.2d 397, 399 (Tex. App.—

3

Texarkana 1993, orig. proceeding). Rather, the party requesting disqualification must demonstrate that the opposing attorney's dual roles as attorney and witness will cause the party actual prejudice. *Ayres*, 790 S.W.2d at 558. Absent such a showing, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 10; *see Ayres*, 790 S.W.2d at 557.

In *Ayres*, the trial court disqualified R. Jack Ayres, Jr. from representing his law firm, R. Jack Ayres, Jr. P.C., in a dispute in which the opposing party alleged that Ayres had entered into an oral contract on behalf of his firm. *Ayres*, 790 S.W.2d at 555. The trial court had found that Ayres, as a party to the oral contract, was an essential witness, and it thus disqualified him from representing the firm. *Id.* at 556. The Texas Supreme Court acknowledged that an attorney acting as both advocate and witness had the potential to confuse the jury and prejudice the opposing party. *Id.* at 557 n.7. Given that the lawyer individually sought to represent his personal corporation, however, the Supreme Court concluded that allowing the representation did not prejudice the opposing party so as to require disqualification without a showing of actual prejudice. *Id.* 558. The Texas Supreme Court granted mandamus relief. *Id.*

4

A similar situation exists with respect to Williard and his firm. Steve Williard seeks to represent his law firm, The Williard Law Firm, in a dispute about a contingency fee agreement that Williard had entered into on behalf of his firm. *See id.* at 556. Though Williard may be a witness, like in *Ayres*, this relationship alone is insufficient to show actual prejudice to Sewell. *See id.* at 558. Sewell reiterates that the dual role could potentially confuse the jury. *See id.* This potential for confusion, alone, was essentially the case in *Ayres*, and, without more, does not compel disqualification. *See id.*; *In re Sanders*, 153 S.W.3d at 57. When a former client sues an attorney for damages arising from the attorney's representation, the attorney-witness rule does not bar the attorney from representing himself and his firm in connection with the dispute, absent a showing of actual prejudice. *See Ayres*, 790 S.W.2d at 558.

Following *Ayres*, we hold that the trial court erred in granting the motion to disqualify Williard; we therefore grant mandamus relief. *See id.*; *In re Sanders*, 153 S.W.3d at 56.

## Conclusion

We direct the trial court to vacate its order disqualifying Steve Williard from representing The Williard Law Firm in the underlying proceedings. Our writ of mandamus will issue only if the trial court does not comply.

Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and Bland.