**In re Paul NAVAR, M.D., Relator.**

No. 08–04–00107–CV.

Court of Appeals of Texas, El Paso.

Aug. 25, 2004.

---

4. This point being dispositive, we find it unnecessary to discuss Raines' other points of error.

Cynthia S. Anderson, for Paul Navar.

James Craig Orr Jr. and Marty L. Matthews, for Lilia & David Tovar.

Linda Chew, pro se.

David S. Jeans, for Steven Crouse, M.D.

Yvonne K. Puig, for Sierra Medical Center.

Leon Schydlower, for John Fitz, M.D.

Paul Bracken, for Dennis Mabry, M.D.

Larry W. Hicks, for Sierra Imaging Consultants, P.A. (R. Jauernek, M.D. & M. Gutknecht, M.E.).

Gary Allen Norton, for J. Montelongo, M.D. and S. Ibarra, M.D.

Before Panel No. 5 BARAJAS, C.J., ABLES, and PARKS, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

RICHARD BARAJAS, Chief Justice.

This is an original proceeding in mandamus. Paul Navar, M.D., Relator, seeks a writ of mandamus requiring the Honorable Linda Chew, Judge of the 327th District Court of El Paso County, to dismiss the medical malpractice action brought against him by Lilia Tovar and David Tovar. For the reasons stated below, we deny relief.

### STANDARD OF REVIEW

Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

#### 1. Clear abuse of discretion

An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the

facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

### 2. *No adequate remedy by appeal*

An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986) (orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, (quoting *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984)). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989) (quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979] ).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

The record before us does not reflect that the trial court clearly abused its discretion by denying Relator's motion to dismiss. Accordingly, we deny the relief requested in the petition for mandamus.

LARSEN, McCLURE, and CHEW, JJ., not participating.