**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 11, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00780-CV
_____

### IN RE DANA WAYNE ANDREA, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
312th District Court
Harris County, Texas
Trial Court Cause No. 2017-46720**

---

## MEMORANDUM OPINION

On September 7, 2018, relator Dana Wayne Andrea filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. The underlying action is a contested divorce proceeding. In the mandamus petition, relator asks this court to compel the Honorable David Farr, presiding judge of the 312th District Court of Harris County, to vacate his August

29, 2018 order awarding $45,000 in interim attorney's fees to be paid by relator to the real party in interest Ramona Charisse Andrea within ten days of the order.

Relator also has filed a motion asking this court to stay the trial court's August 29, 2018 order. *See* Tex. R. App. P. 52.8(b), 52.10.

With certain exceptions, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). When the trial court awards interim attorney's fees, generally there is an adequate remedy at law, so mandamus will not lie to alter the trial court's award of interim attorney's fees. *In re Bennett,* No. 12-18-00149-CV, 2018 WL 4199995, at *5 (Tex. App.—Tyler Aug. 31, 2018, orig. proceeding); *In re Chu*, 134 S.W.3d 459, 468 (Tex. App.—Waco 2004, orig. proceeding); *In re Bissell*, 109 S.W.3d 87, 89 (Tex. App.—El Paso 2003, orig. proceeding). *Id.* "Generally, orders awarding attorney's fees, even those imposed as sanctions, are reviewable on appeal and mandamus will not issue." *Baluch v. O'Donnell*, 763 S.W.2d 8, 11 (Tex. App.—Dallas 1988, no writ) (citing *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639 (Tex.1986) (orig. proceeding)). "Mandamus lies to correct the award of interim fees only in extreme cases in which a 'party's ability to prosecute the case further is jeopardized' by the party's payment of, or inability to pay, the fees." *In re Chu*, 134 S.W.3d at 468. *See In re Bennett*, 2018 WL 4199995, at *5. *See also c.f. In re RH White Oak, LLC*, 442 S.W.3d 492, 503 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (denying mandamus relief because relators have not explained why the sanctions are so severe as to threaten their ability to continue litigation).

The trial court ordered relator to pay real party in interest $45,000 in interim attorney fees. Relator has not asserted that the payment of this amount would jeopardize his ability to continue the litigation. Relator therefore has not shown that he lacks an adequate remedy by appeal after final judgment. Accordingly, we deny relator's petition for writ of mandamus and motion for stay.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.