**In re John K. CHU.**

No. 10–03–272–CV.

Court of Appeals of Texas, Waco.

Feb. 25, 2004.

James V. Fulcher, Teague, for Appellant/Relator.

Robert York, Moe & York, Corsicana, for Appellee/Respondent.

Paul E. Fulbright, Corsicana, for ad litem.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

This case concerns a petition for writ of mandamus. John K. Chu petitions this Court to issue a writ of mandamus to Respondent, the Hon. John H. Jackson, Judge of the 13th District Court, Navarro County, Texas, ordering him to vacate certain orders. The underlying cause concerns a petition to modify custody of John's four children by his former wife, Kimberly.[1] One of these orders denied John's motion to disqualify the children's attorney ad litem, Paul Fulbright, and the other awarded interim attorney's fees to Fulbright. John filed a motion for temporary relief in this Court. *See* TEX.R.APP. P. 52.10. We stayed the ad litem fees order and requested responses to the petition. Kimberly and the children have filed separate responses. We will deny the petition.

## LEGAL BACKGROUND

The writ of mandamus is "[a] writ issued by a superior court to compel a lower court or government officer to perform mandatory or purely ministerial

---

1. The four children all have the initials E.G.C. We refer to the Chus' oldest child as Er. G. C.

duties correctly." BLACK'S LAW DICTIONARY 973 (7th ed.1999). "Mandamus is an extraordinary remedy available only in limited circumstances...." *In re Crow–Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex.2003) (orig.proceeding) (per curiam). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *In re State Bar of Tex.*, 113 S.W.3d 730, 733 (Tex.2003) (orig.proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding)). "The burden of establishing an abuse of discretion and an inadequate appellate remedy is on" the relator, "and this burden is a heavy one." *See In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex.2003) (orig.proceeding) (per curiam). "A clear abuse of discretion occurs when an action is 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996) (orig.proceeding)). "Extraordinary circumstances do not exist when a trial court's ruling is merely incidental to the trial process and does not permanently deprive a party of substantial rights." *In re Masonite Corp.*, 997 S.W.2d 194, 200 (Tex.1999) (orig.proceeding). "When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment. Nor may a reviewing court set aside the trial court's finding unless it is clear from the record that the trial court could only reach one decision." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex.2002) (orig.proceeding) (per curiam) (internal citation omitted).

This case concerns the statutes on attorneys ad litem. The appointment of attorneys ad litem in suits affecting the parent-child relationship is governed by Texas Family Code Chapter 107, Subchapters A and B. *See* TEX. FAM.CODE ANN. §§ 107.001–107.023 (Vernon Supp.2004). The Seventy–Eighth Legislature substantially amended Chapter 107. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 262, 2003 Tex. Gen. Laws 1173. Those changes, however, affect only suits filed on or after the effective date of the Act, September 1, 2003. *Id.* §§ 2–3, 2003 Tex. Gen. Laws at 1183. Prior law is carried forward for suits filed before that date. *Id.* § 2. The instant cause, in which the petition to modify was filed in March, 2003, is governed by prior law, which we cite.

## ANALYSIS

### DISQUALIFICATION OF ATTORNEY AD LITEM

John's main argument is that we should issue the writ to direct Respondent to vacate his order denying John's motion to disqualify Fulbright. Although John's motion in the trial court and the parties' briefing here speak in terms of attorney disqualification, it appears from the case to which they refer that the issue is mostly one of objection to and removal of an attorney ad litem under former Texas Family Code Section 107.006(c).[2] *See Gonzalez v. Gonzalez*, 26 S.W.3d 657 (Tex. App.-San Antonio 2000, no pet.); Act of May 28, 1997, 75th Leg., R.S., ch. 1294, § 4, 1997 Tex. Gen. Laws 4930, 4932, *repealed by* Act of May 27, 2003, 78th Leg., R.S., ch. 262, § 1, 2003 Tex. Gen. Laws at

---

**2.** John did file a Response to Motion for Appointment of Attorney ad Litem and Motion to Set Aside Order Appointing Attorney ad Litem. The response contends that an attorney ad litem is not necessary to represent the interests of the children. The motion argues that the trial court should set aside the attorney ad litem appointment, because the court appointed the attorney ad litem without a hearing. John does not pursue these arguments in his petition for writ of mandamus.

1178. We address the issues of disqualification and removal separately.

■ Moreover, in his petition, John argues grounds of disqualification or removal that he did not argue in the trial court. We do not consider arguments in a petition for writ of mandamus which were not presented to the trial court. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig.proceeding) (per curiam).

**Disqualification of Attorney**

■ John argues that Respondent abused his discretion in overruling John's motion to disqualify Fulbright. The only arguable ground of disqualification is that Fulbright may be a witness in the suit. Respondent did not abuse his discretion in denying John's motion to disqualify Fulbright premised on this ground.

Although John raises several grounds for Fulbright's disqualification or removal, most cannot even arguably support disqualification. "Attorney disqualification litigation generally involves considerations of conflict of interest, either between an attorney's duties to different clients or between the attorney's duties to the client and the profession and the public interest." Nina Cortell et al., *Disqualification of Lawyers and Judges, in* 1 STATE BAR OF TEX. PROF. DEV. PROGRAM, ADVANCED CIVIL TRIAL COURSE I, I–4 (1999). Only one of John's grounds, the attorney-witness rule, codified in Texas Disciplinary Rule of Professional Conduct 3.08, could support disqualification. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). The attorney-witness rule falls within this category because of the risk of confusion of the factfinder between the attorney-witness's roles as attorney, in which the attorney advocates persuasively for a client, and as witness, in which the witness testifies from personal knowledge and the factfinder must judge the witness's credibility. *See id.* cmt. 4; *Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex.1996).

John cites Rule 3.08 and ethics opinions relying on predecessors of that rule as a basis for disqualification of Fulbright. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08; Comm. on Prof'l Ethics, State Bar of Tex., Op. 363, 36 TEX. B.J. 372 (1973); Comm. on Interpretation of the Canons of Ethics, State Bar of Tex., Op. 234 (1961), *reprinted in* 18 BAYLOR L.REV. 195, 314 (1966).

As quoted by John, Rule 3.08 provides:

A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a).

"Although Rule 3.08 was promulgated as a disciplinary standard, rather than a procedural disqualification standard," the Texas Supreme Court has "recognized that 'the rule articulates considerations relevant to a procedural disqualification determination.'" *Anderson Producing*, 929 S.W.2d at 421 (quoting *Ayres v. Canales*, 790 S.W.2d 554, 556 n. 2 (Tex.1990) (orig.proceeding)).

The Texas Supreme Court has held that mandamus will lie to correct the erroneous denial of a motion to disqualify counsel, at least where a conflict of interest involving a former client is concerned. *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 54 (Tex. 1998) (orig.proceeding); *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 126,

133 (Tex.1996) (orig.proceeding). We assume without deciding that mandamus will lie in cases involving the attorney-witness rule. *See, e.g., In re Bahn,* 13 S.W.3d 865, 872–73 (Tex.App.-Fort Worth 2000, orig. proceeding).

■ The trial court's denial of an attorney disqualification motion is reviewed on an abuse of discretion standard. *Syntek Fin. Corp. v. Metro. Life Ins. Co.,* 880 S.W.2d 26, 32 (Tex.App.-Dallas), *rev'd on other grounds,* 881 S.W.2d 319 (Tex.1994). "In considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic" or for other tactical purposes. *Nitla,* 92 S.W.3d at 422; *accord EPIC Holdings,* 985 S.W.2d at 58.

■■ "[U]nder Rule 3.08, an attorney is not automatically disqualified" merely because that attorney's opponent intends to call the attorney as a witness. *May v. Crofts,* 868 S.W.2d 397, 399 (Tex.App.-Texarkana 1993, orig. proceeding). To the contrary, Rule 3.08 "should rarely be the basis for disqualification." *Id.* The disqualification movant "must present evidence that the testimony of the lawyer is 'necessary' and that it goes to an 'essential fact' of the nonmovant's case." *In re A.M.,* 974 S.W.2d 857, 864 (Tex.App.-San Antonio 1998, no pet.) (quoting TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08). "Disqualification is not appropriate under this rule when opposing counsel merely announces his intention to call the attorney as a fact witness; there must be a genuine need for the attorney's testimony that is material to the opponent's client." *Id.* Moreover, "[e]ven if a lawyer violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification." *Nitla,* 92 S.W.3d at 422.

John's disqualification argument concerns Fulbright's filing of a motion to suspend the order providing for John's visitation with the children. The terms of the Chus' Wyoming divorce decree provided for a two-month period of summer visitation by John. On July 3, 2003, Fulbright filed a Petition for Temporary Suspension of Visitation by John Chu. Fulbright's petition sought temporary orders suspending John's summer visitation, on the grounds that John intended to take the children to Wyoming by car, and that two of the children were too sick to travel. At the time, both John's and Kimberly's attorneys were out of town, and had vacation letters on file. Respondent granted the petition ex parte, and suspended John's visitation until the children's doctor certified that they were able to travel. On July 8, John filed his objections to the suspension, and requested a hearing on the suspension. The trial court set a hearing on July 16. By the time of the hearing, the children's doctor had certified that they were able to travel, and John received possession of the children.

Of the five exceptions to Rule 3.08, John quotes only one: that "the testimony relates to an uncontested issue." *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a)(1). In this connection, John's argument emphasizes that "[t]his case is NOT uncontested, and the contested issues and the ex parte hearing are clearly related to [John]'s summer custody / access with the children which have been in contest since the inception of the modification matters." John argues that Fulbright "knew or should have known that he would be a material witness to the events and circumstances surrounding the suspension of [John]'s summer custody."

Rule 3.08 prohibits a lawyer's continued employment by a client only when "the lawyer knows or believes that the lawyer

is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). John does not suggest what essential facts Fulbright's testimony would be necessary to establish on behalf of Fulbright's clients, namely the children. In any case, the trial court has already held a hearing on John's objections to the suspension of visitation, at which Fulbright did not testify, and John did not attempt to call Fulbright.

John also argues that he "had a right to question Attorney Fulbright to determine the issue of 'fitness' as raised in the Amended Motion to Disqualify." If by this John means to argue that Fulbright's testimony would be necessary to establish essential facts on behalf of the children in the disqualification motion, John again does not suggest what those facts are.

To the extent that John's motion to disqualify Fulbright is premised on Rule 3.08, Respondent did not abuse his discretion in denying the motion.

### Removal of Attorney ad Litem

John also contends that Respondent abused his discretion in overruling John's objection to Fulbright's appointment as attorney ad litem. We assume without deciding that mandamus will lie to correct the erroneous denial of a motion to remove an attorney ad litem. Respondent did not abuse his discretion.

Former Texas Family Code Section 107.006(c) governed the procedure for objection to and removal of an attorney ad litem. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 1294, § 4, 1997 Tex. Gen. Laws at 4932 (repealed 2003). That section provided:

A party to a proceeding in which a person is appointed as ... an attorney ad litem may object to appointment of the person at any time before the date of the trial of the proceeding. A party may object under this subsection by filing a written motion stating the grounds and facts on which the party believes that the person appointed lacks objectivity or is failing to fulfill the person's responsibilities as an ad litem as outlined in the written statement of ad litem responsibilities. The court shall promptly rule on an objection raised under this subsection and shall order the removal of the ... attorney ad litem if the court finds that the objection is justifiable.

*Id.* Removal of an ad litem under former Section 107.006 "is within the trial court's discretion." *In re J.N.F.*, 116 S.W.3d 426, 437 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

John alleges several grounds for removal. We consider them in turn.

■ (1) Fulbright did not timely interview John. Former Family Code Section 107.014 required that "[a]n attorney ad litem appointed to represent a child shall within a reasonable time after the appointment ... interview all parties to the suit." Act of May 28, 1999, 76th Leg., R.S., ch. 1515, § 1, 1999 Tex. Gen. Laws 5237, 5237 (repealed 2003) (current version at TEX. FAM.CODE ANN. § 107.003 (Vernon Supp. 2004)). Respondent appointed Fulbright on May 7, 2003. Fulbright attempted to schedule an interview with John as early as July 21. Respondent did not abuse his discretion in not removing Fulbright on this ground.

■ (2) Fulbright did not verify his petition to suspend John's visitation. Family Code Section 105.001 provides, "Except on a verified pleading or an affidavit in accordance with the Texas Rules of Civil Procedure, an order may not be rendered ... excluding a parent from possession of or access to a child." TEX. FAM.

Code Ann. § 105.001(c) (Vernon Supp. 2004). If the failure to verify the petition to suspend visitation is a pleading defect, John does not argue, and we do not perceive, how the defect calls for Fulbright's removal as attorney ad litem. Respondent did not abuse his discretion in not removing Fulbright on this ground.

 (3) Fulbright did not serve John with a copy of the petition to suspend visitation in advance of the hearing. Texas Rule of Civil Procedure 21 provides:

> An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court.

Tex.R. Civ. P. 21. The Rules of Civil Procedure do otherwise provide for ex parte temporary orders, although Fulbright and Respondent did not completely comply with those rules. *See* Tex.R. Civ. P. 680. The Family Code, too, provides for ex parte temporary orders, although Fulbright and Respondent, again, did not completely comply with the statutory requirements. *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 105.001(a), 1995 Tex. Gen. Laws 113, 130 (amended 2003) (current version at Tex. Fam.Code Ann. § 105.001(a) (Vernon Supp.2004)); Tex. Fam.Code Ann. § 105.001(b) (Vernon Supp. 2004); Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 105.001(c), 1995 Tex. Gen. Laws at 130 (amended 2003) (current version at Tex. Fam.Code Ann. § 105.001(c)); Tex. Fam.Code Ann. § 105.001(d)-(h) (Vernon Supp.2004). Of course, a statute controls over a procedural rule. *Collins v. Ison–Newsome,* 73 S.W.3d 178, 184 (Tex. 2001). Again, John does not argue, and we do not perceive, how these procedural defects call for Fulbright's removal as at-torney ad litem. Respondent did not abuse his discretion in not removing Fulbright on this ground.

Accordingly, Respondent did not abuse his discretion in not removing Fulbright as attorney ad litem.

### SUSPENSION OF DISCOVERY

 Next, John prays that we issue the writ to direct Respondent to vacate his order suspending discovery. Respondent did not abuse his discretion in suspending discovery.

 "A trial court is vested with broad discretion in the area of discovery." *In re Alcatel USA, Inc.,* 11 S.W.3d 173, 182 (Tex.2000) (orig.proceeding). Mandamus will not lie to review the abatement of discovery unless the abatement is "of such an egregious nature that it goes to the heart of [the relator's] case," and "permanently deprive[s] [the relator] of substantial rights." *Polaris Inv. Mgmt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex.1995) (orig.proceeding) (per curiam). For example, mandamus will lie to correct a seven-year abatement of "discovery that goes to the heart of the litigation" where the abatement "threatens that evidence critical to the claims made will become unavailable before discovery can be conducted." *In re Van Waters & Rogers, Inc.,* 62 S.W.3d 197, 201 (Tex.2001) (orig.proceeding) (per curiam).

After Fulbright filed the petition to suspend John's visitation, John filed an amended answer that included a claim against Kimberly and Fulbright for interference with child custody. *See* Tex. Fam. Code Ann. ch. 42 (Vernon 2002). John also served Fulbright with requests for admission in the child custody interference claim. Fulbright filed a motion to dismiss the claim, and objections to the requests for admission. Respondent has suspended

discovery pending his ruling on the motion to dismiss.

We are confident that Respondent will timely rule on the motion to dismiss the claim for interference with child custody, either making the discovery moot if he grants the motion, or, if he denies the motion, timely lifting the suspension of discovery. At present, at least, Respondent has not permanently deprived John of critical discovery, and has not abused his discretion in suspending discovery.

### DENIAL OF REPORTER'S RECORD OF INTERVIEW WITH CHILD

█ Next, John prays that we issue the writ to direct Respondent to vacate what John calls an order prohibiting the court reporter from preparing a record of Respondent's in camera interview with one of the children.

The Texas Family Code provides for an in camera interview of the child by the trial court in the following terms, in relevant part:

(a) In a nonjury trial the court may interview the child in chambers to determine the child's wishes as to conservatorship.

(b) When the issue of managing conservatorship is contested, on the application of a party, the court shall interview a child 12 years of age or older and may interview a child under 12 years of age....

....

(d) On the motion of a party or on the court's own motion, the court shall cause a record of the interview to be made when the child is 12 years of age or older. A record of the interview shall be part of the record in the case.

TEX. FAM.CODE ANN. § 153.009 (Vernon 2002). "[T]he goal underlying this legislation is to allow the child to have input in the lawsuit without requiring the child's physical presence at trial...." Debra H. Lehrmann, *The Child's Voice: An Analysis of the Methodology Used to Involve Children in Custody Litigation*, 65 TEX. B.J. 882, 888 (2002).

Kimberly moved Respondent to interview in chambers Er. G. C., the only child who was twelve years of age, and Respondent did interview her. John requested a reporter's record of the interview, and the court reporter replied by letter to the effect that "the Judge has denied this request."

█ "As a rule, mandamus is not available to compel an action which has not first been demanded and refused." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig.proceeding). John has not requested Respondent to order the court reporter to prepare a record. John's correspondence with the court reporter will not support a writ of mandamus against Respondent.

### ATTORNEY AD LITEM FEES ORDER

█ Lastly, John prays that we issue the writ to direct Respondent to withdraw his order for interim attorney ad litem fees.

Former Family Code Section 107.015 provided for the award of attorney ad litem fees, including interim fees:

(a) An attorney appointed to represent a child ... is entitled to reasonable fees and expenses in the amount set by the court to be paid by the parents of the child unless the parents are indigent.

(b) If the court ... determines that one or more of the parties are able to defray the costs of an attorney ad litem's fees and expenses as determined by the reasonable and customary fees for similar services in the county of jurisdiction, the fees and expenses may be

ordered paid by one or more of those parties, or the court ... may order one or more of those parties, prior to final hearing, to pay the sums into the registry of the court or into an account authorized by the court for the use and benefit of the attorney ad litem on order of the court. The sums may be taxed as costs to be assessed against one or more of the parties.

Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 6, 1999 Tex. Gen. Laws 4696, 4697 (amended 2003) (current version at TEX. FAM.CODE ANN. § 107.015(a)-(b) (Vernon Supp.2004)).

 In general, mandamus will not lie to alter the trial court's award of interim attorney's fees. *In re Bissell,* 109 S.W.3d 87, 89 (Tex.App.-El Paso 2003, orig. proceeding [mand. denied] ). This is because, in general, when the trial court awards interim attorney's fees, there is an adequate remedy at law. *See id.* The award of attorney's fees may be reviewed on appeal of a final judgment. *See In re Ford Motor Co.,* 988 S.W.2d 714, 722 (Tex. 1998) (orig.proceeding) (fees as discovery sanction). Mandamus lies to correct the award of interim fees only in extreme cases in which a "party's ability to prosecute the case further is jeopardized" by the party's payment of, or inability to pay, the fees. *Id.*

Respondent ordered John and Kimberly to pay Fulbright $2,682.60 in interim attorney fees and expenses on the basis of Fulbright's invoice, ordered John to pay seventy-five percent of that amount, and ordered the amount paid within thirty days. John does not suggest that the payment of this amount jeopardizes his ability to continue the litigation. Accordingly, mandamus will not lie here.

## CONCLUSION

John's First Amended Petition for Writ of Mandamus is denied. The stay of the trial court's order on Fulbright's Motion for Payment of Interim ad Litem Fees is lifted.