Petition for Writ of Mandamus Conditionally Granted in Part and Denied
in Part; Memorandum Opinion filed December 7, 2006








Petition
for Writ of Mandamus Conditionally Granted in Part and Denied in Part;
Memorandum Opinion filed December 7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-06-00423-CV

____________

 

IN RE GEICO GENERAL INSURANCE COMPANY,
Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

In this
original proceeding, relator GEICO General Insurance Company seeks a writ of
mandamus ordering the Honorable Wayne Mallia, presiding judge of the 405th
Judicial District Court, Galveston County, Texas, to vacate an order granting
the motion for costs of the attorney ad litem in the case, Genevieve McGarvey. 
For the reasons discussed below, we conditionally grant in part and deny in
part the requested relief.

Background 








GEICO=s insured, Charles Grooters, was
involved in an auto accident with Jonathan Lawrence.  After paying Grooters
under his policy, GEICO filed a subrogation suit against Lawrence, seeking
approximately $7800 in damages.  GEICO served Lawrence by publication and
requested an ad litem be appointed to represent him.  See Tex. R. Civ.
P. 244.  McGarvey was appointed as Lawrence=s ad litem.  

Lawrence
was subsequently located and served in the suit.  Approximately two months
later, GEICO filed a motion to terminate McGarvey as ad litem, and McGarvey
filed a motion to determine her ad litem fees.  Following a hearing, the trial
court granted both motions.  The court=s order, dated April 13, 2006,
terminated McGarvey=s appointment and ordered GEICO to pay $12,314.75, as
reasonable and necessary attorney=s fees, within twenty-one days of the
order.  GEICO filed this mandamus proceeding and a motion for temporary
relief.  We granted GEICO=s motion on May 11, 2006, and issued an order staying the
trial court=s order pending a determination of the mandamus petition. 

Mandamus Standard

Mandamus
relief is available if the trial court abuses its discretion and there is no
adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d 833, 839B40, 842 (Tex. 1992) (orig.
proceeding).  An abuse of discretion occurs when the trial court acts without
reference to any guiding rules or principles, or acts in an arbitrary or
unreasonable manner.  In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex.
2005).  Whether a party has an adequate appellate remedy is determined by
balancing jurisprudential considerations that implicate both public and private
interests.  Id.; In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 136 (Tex. 2004).  If the benefits of mandamus review outweigh the
detriments, appellate courts must consider whether the appellate remedy is adequate. 
In re Prudential, 148 S.W.3d at 136.  

Discussion








GEICO
argues that the trial court=s April 13 order is an abuse of discretion because (1) the
court ordered GEICO to pay the fees prior to the entry of a final judgment, and
(2) the evidence presented was insufficient to justify the amount of fees
awarded.  McGarvey contends that the trial court did not abuse its discretion
because public policy mandates the ad litem=s fees be paid by the party seeking
the appointment under Texas Rule of Civil Procedure 244.  She also asserts
GEICO failed to object to the evidence offered to establish that her fees were
reasonable and necessary. 

Beginning
with GEICO=s second argument, whether an award of attorney=s fees is reasonable and necessary or
sufficiently supported by evidence are matters of fact that are not appropriate
for mandamus review.  See In re Ford Motor Co., 988 S.W.2d 714, 722
(Tex. 1998) (orig. proceeding); Bocquet v. Herring, 972 S.W.2d 19, 21
(Tex. 1998); In re Epic Holdings, Inc., 985 S.W.2d 41, 56B57 (Tex. 1998) (Baker, J.,
dissenting); In re Chu, 134 S.W.3d 459, 468 (Tex. App.CWaco 2004, orig. proceeding). 
Therefore, we decline to address GEICO=s second argument, and deny its
request for mandamus relief as to that issue.  As to GEICO=s remaining argument, however, we
conditionally grant the petition for mandamus. 

Under
Texas Rule of Civil Procedure 244, the trial court is required to appoint an
attorney ad litem to represent defendants who fail to file an answer or appear
before the court when served with citation by publication.  Tex. R. Civ. P.
244.[1] 
The rule also requires that the attorney ad litem be paid a reasonable fee for
her services, which is to be taxed as part of the costs of the suit.  Id.;
see also Rhodes v. Cahill, 802 S.W.2d 643, 647 (Tex. 1990) (AOur rules of civil and appellate
practice [] should be read to provide a reasonable fee and source of payment
for the necessary efforts of an attorney ad litem.@).  








However,
costs of court may not be collected by execution until the trial court has
rendered judgment.  See Tex. R. Civ. P. 149 (ANo execution shall issue in any case
for costs until after judgment rendered therefor by the court.@);[2]
see, e.g., In re Baylor Coll. of Med., No. 09-01-157-CV, 2001 WL
585688, at *1 (Tex. App.CBeaumont May 31, 2001, orig. proceeding) (not designated for
publication) (concluding that levying of execution for ad litem fees prior to a
final judgment was an abuse of discretion).  Further, our rules of procedure
provide that the Asuccessful party@ to the suit is to recover costs from
his opponent.  Tex. R. Civ. P. 131.  Here, by ordering GEICO to pay the ad
litem fees within twenty-one days of the order, the trial court has ordered
payment of costs without a final judgment and without a determination of the Asuccessful party.@  This ruling is contrary to the
rules of procedure and is an abuse of discretion.[3] 
Also, under these circumstances, once the fees are paid, it would be futile for
GEICO to appeal the fee award, thus rendering its appellate remedy inadequate. 
See In re Prudential, 148 S.W.3d at 136; Highland Church of Christ v.
Powell, 640 S.W.2d 235, 236 (Tex. 1982).  

Conclusion   


In
conclusion, to the extent the trial court=s order requires payment of McGarvey=s ad litem fees prior to a final
judgment, it is an abuse of discretion; therefore, we conditionally grant
mandamus relief and direct the trial court to reform its April 13, 2006 order,
deleting that portion directing GEICO to pay the fees within twenty-one days. 
We deny mandamus relief with respect to the amount of fees awarded.  As to the
relief granted, the writ will issue only if the trial court fails to comply.  

 








 

PER
CURIAM

 

Petition Conditionally Granted in Part and Denied in
Part, and Memorandum Opinion filed December 7, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.

 

 









[1]Rule 244 provides: 

Where
service has been made by publication, and no answer has been filed nor
appearance entered within the prescribed time, the court shall appoint an
attorney to defend the suit in behalf of the defendant, and judgment shall be
rendered as in other cases; . . . . The court shall allow such attorney a
reasonable fee for his services, to be taxed as part of the costs. 

Tex.
R. Civ. P. 244.





[2]In her response, McGarvey argues that fees may be
ordered paid during the pendency of the litigation, citing to Estate of
Tartt v. Harpold, 531 S.W.2d 696, 698 (Tex. Civ. App.CHouston [14th Dist.] 1975, writ ref=d n.r.e.); however, in that case, a final judgment had
been rendered and the issue was whether the probate court had jurisdiction to
award ad litem fees once the case had been appealed to the district court. 
Other cases McGarvey mentions in her response involve payment of fees permitted
under statutory provisions.  





[3]Even assuming the trial court ordered GEICO to pay the
ad litem fees pursuant to Rule 133, which states a trial court may award costs
on motions at its discretion, under the circumstances of this case, the court=s order requires GEICO to pay the costs of the suit,
albeit without a final judgment, and not just the costs of motions.  See
Tex. R. Civ. P. 133.  Nor can we uphold the order under Rule 141, which allows
a trial court to award costs other than to the successful party, because the
rule requires Agood cause, to be stated on the record,@ which is lacking here.  Tex. R. Civ. P. 141.