IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00139-CV

 

Texas A&M University,

                                                                      Appellant

 v.

 

Ryan Bading, Javier Garza, 

Aaron Horn, Joe Jackson, 

Andrew McDow, Michael Rusek, 

Ty Sorell, Scott-Macon, LTD., 

Texas Aggie Bonfire Committee, 

Trevor Jon Saari, H.B. Zachry Company, 

Zachry Construction Corporation,

Harry Eugene Couch, Jr., et al.,

                                                                      Appellees

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001246-CV-361

 



Opinion On REHEARING



 








The Zachry defendants have filed a motion for
rehearing that presents ten issues:

 

1.     
Whether we addressed every
issue raised and necessary to final disposition of the appeal.  Tex. R. App. P. 47.1.

 

2.     
Whether we considered only the
Attorney General’s briefs and oral argument.

 

3.     
Whether we should have addressed
cross-issues properly briefed by the Zachry defendants that are necessary to
final a disposition of the appeal.  Id.

 

4.     
Whether we should have
addressed a specific cross-issue, i.e., does submission of the
University’s percentage of responsibility merely as a responsible third party
require a waiver of sovereign immunity.  Id.

 

5.     
Should we have granted the
University’s request for a severance?  Id.

 

6.     
Whether we misapprehended the
record by reversing a single order when there were several.

 

7.     
Whether we incorrectly
referred to the “judgment of the court below” when there was none; they were
“orders.”

 

8.     
Did we correctly designate our
opinion under Rule 47.2?  Id. 47.2.

 

9.     
Did we violate Rule 47.2(a) by
including Chief Justice Gray as a justice participating in the decision?  Id. 47.2(a).

 

10. 
Did we violate appellate due
process due to internal disagreements among the justices of this court?

 

The Texas Aggie Bonfire Committee and Scott-Macon,
Ltd. have filed a joint motion for rehearing, basically adopting issues one
through nine set out above.  Their tenth issue addresses internal operating
procedures, but does not refer to “appellate due process.”  They assert two
additional issues:

11. 
Whether our opinion conflicts
with other Texas and out-of-state decisions regarding their contribution claims
against the University.

 

12. 
 Whether the Texas Tort Claims
Act provides a waiver of sovereign immunity for their contractual indemnity
claim.

 

We requested a response to both motions.  The University’s
states: “No legal foundation supports Appellees’ contribution, contract, and
‘responsible third party’ claims against Texas A&M University.  As a
result, the Court was right—this case is ultimately quite simple: because there
is no clear and unambiguous legislative or constitutional waiver of the
University’s sovereign immunity for Appellees’ third-party claims, the Court
properly dismissed their claims for lack of subject-matter jurisdiction.  And
since that unremarkable conclusion disposed of all of Appellees’ claims,
nothing else needed to be said in the Court’s opinion or judgment.”  (Emphasis
in original.)

We will refer to the movants as “Appellees” unless
we are addressing an issue not common to them.  Because the first eight issues
presented in the motions are virtually identical, we will address them
together.  Then we will address the two additional issues presented by the
Committee and Scott-Macon.  Finally, we will address the common ninth and tenth
issues concerning the internal procedures that led to our opinion.

FAILURE TO ADDRESS ALL ISSUES

            Appellees’ issues one, three, and four
assert that we did not address all of the issues necessary to a disposition of
the appeal.  Because we agree with the University’s position as quoted above,
we overrule issues one, three, and four.

CONSIDERATION OF ONLY APPELLANT’S BRIEFS AND
ARGUMENT

            Appellees apparently believe that we
considered only the Attorney General’s briefs and argument.  If so, they
misread our opinion.  A claim that sovereign immunity has been waived requires
a showing of a clear and unambiguous expression of waiver.   The Attorney
General, on behalf of the University, pointed out that Appellees had failed to
identify such a waiver, and we stated our agreement.  We fully considered the
extensive briefs and arguments of all parties in reaching our decision.[1] 
We overrule issue two.

SEVERANCE

            Issue five asserts that we failed to
address a severance question.  The University responds that it did not raise
severance as an issue on appeal.  We overrule issue five.

ONE “ORDER” OR MORE

            Appellees’ issues six and seven
question our reference to the “judgment” of the court below and whether we
intended to reverse various “orders” of the trial court.  This point is well
taken, and we will modify our judgment accordingly.  Issues six and seven are
sustained.

OPINION OR MEMORANDUM OPINION

            We designated our opinion as an “Opinion”
under Appellate Rule 47.2 because the parties presented the appeal as one of
first impression.  Although Appellees question whether we should have presented
more than “basic reasons” for our decision, we believe that the opinion
adequately addresses the issue of the University’s claim of sovereign immunity
and, as the University points out, sustaining that claim necessarily disposes
of all other claims.  We thus reject their assertion that we should have
expounded further on other issues.  We overrule issue eight.

 

 

CONTRIBUTION CLAIMS

            The Committee and Scott-Macon believe
that the Tort Claims Act waives sovereign immunity as to their claims against
the University for contribution.  The University says that the Tort Claims Act
“makes no mention of contribution claims” nor does the statute “even imply
consent to contribution claims—much less express consent to such claims
in a clear and unambiguous manner.”  (Emphasis in original.)  We again hold
that because there is no clear and unambiguous waiver of sovereign immunity as
to such claims, they must be dismissed.  We overrule issue eleven.

CONTRACTUAL INDEMNITY CLAIMS

            Scott-Macon says that the University’s
sovereign immunity has been waived by the Tort Claims Act for its contractual
indemnity claims.  The University again points to the absence of a reference to
such claims in the Act and to the absence of authority for this “untenable
argument.”  We again hold that because there is no clear and unambiguous waiver
of sovereign immunity as to such claims, they must be dismissed.  We overrule
issue twelve.

INTERNAL PROCEDURES

            Appellees assert in issue nine that we
violated the appellate rules by noting Chief Justice Gray’s name as a
participating justice.  The University does not respond directly to this issue.

Appellees are incorrect.  As we will demonstrate,
Chief Justice Gray approved the opinion under the existing rules of the court
and was thus shown as a participating justice.

            Ordinarily, we do not publish our
internal operating rules or internal discussions, votes, positions taken, or
writings.[2] 
However, because Chief Justice Gray has questioned the legality of our internal
procedures and Appellees have, by including these issues in their motions for
rehearing, raised the potential for review of our procedures by the Texas
Supreme Court, we are compelled to discuss and defend our internal rules and
how they were applied in this case.

            The Tenth Court of Appeals is a
three-justice court.  Tex. Const.
art. V, § 6; Tex. Gov’t Code Ann.
§§ 22.201(k), 22.216(j) (Vernon 2004 & Supp. 2006).  Unless a justice is
recused or disqualified, we sit as a regular panel of three justices.  A
majority of a panel constitutes a quorum and the concurrence of a majority of
the panel is necessary for a decision.  Tex.
Const. art. V, § 6 (“The concurrence of a majority of the judges sitting
in a section [panel] is necessary to decide a case.”); Tex. Gov’t Code Ann. § 22.222(a), (c) (Vernon 2004).  We have
adopted Local Rules to supplement the Rules of Appellate Procedure.  Tex. R. App. P. 1.2(a); 10th Tex. App. (Waco) Loc. R. 1-19.  We
have also adopted Internal Administrative Rules (IAR) to govern our
administrative duties.  Tex. Gov’t Code
Ann. § 22.223 (Vernon 2004).[3]

            When an appeal is filed, it is
assigned by the clerk to one of the three justices on a strict-rotation basis.[4] 
IAR para. 8.  The responsibility for the initial review of motions and other
pre-submission matters rests with the assigned justice, who also prepares an
initial draft of an opinion on the merits.  Id.

            We have adopted, and amended,
"Procedures for Internal Deadlines for Approval of Opinions and
Orders" (Procedures), which set deadlines for the approval or non-approval
of the various types of opinions and orders that the court issues.  In an
appeal such as this, the Procedures specify that the opinion will be issued on
the first Wednesday after 42 days (six weeks) after the date it is distributed
by the author to the remaining justices.  If a reviewing justice does not
indicate an intent to concur or dissent by four weeks prior to the issue date,
or having indicated such does not distribute a proposed concurring or
dissenting opinion by one week prior to the issue date, that justice is deemed
to have approved the draft opinion.

            This case was filed on March 9, 2005. 
From that date until June 11, 2007, over two years, the case was assigned to
Chief Justice Gray.  During that period, several letters covering a variety of
subjects were circulated by Chief Justice Gray, approved by the other justices,
and transmitted to the parties by the clerk.  Chief Justice Gray recommended
that the case be advanced and submitted without oral argument, but a majority
of the panel voted to hear oral argument.  After submission, Chief Justice Gray
authored and distributed a draft opinion.[5]  It
did not receive a second vote.  Justice Vance then drafted a competing opinion,
which Justice Reyna joined and which was delivered to Chief Justice Gray on
June 11, 2007.  At that time, the designated author was changed.

On June 22, we received an email from Chief
Justice Gray stating: “TAMU v.
Bading, 10-05-00139-CV;  I thought I was about ready to put my opinion in
circulation but I have decided that it is not ready yet.”  On July 11, Justice
Vance inquired of Chief Justice Gray:

Can you tell me when the dissent will
be ready, or should I formally circulate the opinion in order to establish a
deadline?  It has been a month today since the opinion was circulated and
almost two weeks since you: "thought I was about ready to put my opinion
in circulation but I have decided that it is not ready yet."

 

After additional exchanges, Justice
Vance proposed to “issue the opinion on July 25, which is the first Wednesday
after six weeks after the opinion was circulated.”  After still more exchanges,
Chief Justice Gray wrote on July 20:  “My
formal response to your proposed draft is that I am not yet prepared to vote.” 
In response to Justice Vance’s offer of an additional week, so that the opinion
would issue on August 1, Chief Justice Gray sent an email saying:

I appreciate the implied offer but I
have could not say any more definitively that I could be ready by then than I
could by next Wednesday.  The more time I have, the higher probability
that I could finish.  For example, I have little doubt that I could be
ready by the end of August, but due to the uncertainties of life, including
what could happen between now and then that is not within my control, could
make no promises.

twg

 

On July 23, Chief Justice Gray wrote:  “there is no reason not to extend the
date to the final issuance date in August upon my implied request.”  Justice
Vance replied:  “I’ll
meet you 60% of the way to August 29 and schedule it to issue on August
15. . . . An August 15 issue date also allows considerably more time
than the deadlines provide.”  Chief Justice Gray responded:

You do what ever you want to do, but my
position always has been and remains that I am unable [sic] commit to any
specific date to be ready to vote.  Life just does not offer that level of
certainty.  I may or may not be ready by that date.

twg

 

Accordingly, on July 23, a majority of the
justices on the panel, as authorized by the Procedures,[6]
modified the deadlines as follows:

No. 10-05-00139-CV

Texas A&M University
v. Bading

 

            This cause was submitted on June 5,
2007.  A proposed opinion distributed by Chief Justice Gray, without a
Distribution Date or a Proposed Issue Date, was not joined by either of the
other Justices.

            

An alternate draft opinion by Justice Vance was
approved by Justice Reyna on June 11 and the designation of authorship for the
case changed.  The alternate draft opinion was delivered to Chief Justice Gray
on June 11, 2007.

 

            Paragraph 3.01 of the Procedures for
Internal Deadlines for Approval of Opinions and Orders allows six weeks from
distribution of an opinion until the Proposed Issue Date.  More than six weeks
have elapsed since two Justices approved the draft majority opinion in this case.

 

            Applying Paragraph 8.01 of the
Procedures, the Issue Date for the majority opinion in this case is set for
Wednesday, August 15, 2007.  The Final Response Date for purposes of Paragraph
4.01 of the Procedures is set as August 8, 2007, and failure to act by that
date constitutes approval of the draft majority opinion authored by Justice
Vance to be issued on August 15, 2007.

 

            This
modified procedure is adopted this 25th day of July, 2007.

 

 

                                                                        ________________________________

                                                                        Tom Gray

 

 

                                                                        _s/
Bill Vance ____________________

                                                                        Bill
Vance

 

 

                                                                        _s/
 Felipe Reyna __________________

                                                                        Felipe Reyna

 

(Emphasis added.)  Chief Justice Gray wrote a
handwritten “dissent” to the action of the majority in adopting the modified
procedure.

Having received no response by August 8, Justice
Vance wrote Chief Justice Gray on August 10:

Per your request, this is a courtesy
notice in advance of the issuance of the opinion in TAMU v. Bading without your
response under the deadlines.

 

This accelerated interlocutory appeal
was argued and submitted on June 6, over nine weeks ago.  Your proposed opinion
did not garner a majority of the votes.  An opinion that I drafted was approved
by a majority of justices on June 11, over eight weeks ago.  To date, no concurring
or dissenting opinion has been given to us for our review.  You have said,
however, "You do what ever you want to do, but my position always has been
and remains that I am unable commit to any specific date to be ready to vote. 
Life just does not offer that level of certainty.  I may or may not be ready by
[August 15].  twg"

 

In light of all the pending matters
arising out of the same underlying event, the parties are entitled to be
promptly informed of the decision we have reached.

 

Under the modified procedure approved
on July 25, the Final Response Date in this case was August 8, so the opinion
will issue as a unanimous opinion on August 15.  ("failure to act by [the
Final Response Date] constitutes approval of the draft majority opinion authored
by Justice Vance to be issued on August 15, 2007") [sic]

 

I trust that the proposed opinion that
your [sic] circulated back in June correctly reflected your view of how the
legal issues presented in this appeal should be resolved.  It should be easy to
convert that to a concurring opinion to be issued next week with my opinion.

 

Chief
Justice Gray replied:

 

Bill,

Your email begins with multiple false
premises and continues in that vein throughout.  If you "do what you want
to do," as I feel certain you, will empowered as you are with the second
vote from Felipe, I will again have to follow it up with a special note, as I
did last week in TxDot v. York.

twg

 

The opinion was issued as scheduled on August 15.

            Various rules impose deadlines at
every step of the appellate process, from the overruling of a motion for new
trial by operation of law after 75 days to the automatic denial of a motion for
rehearing in the Texas Supreme Court if not decided within six months.[7] 
See, e.g., Tex. Const.
art. V, § 31(d); Tex. R. Civ. P.
329b(c).  Furthermore, Appellate Rule 41.1(c) allows for the issuance of an
opinion by two justices, after argument, when one cannot participate “for any
reason.”  Tex. R. App. P.
41.1(c).  This case was submitted on oral argument on June 6, 2007.

Under the rules governing the issuance of
opinions, Chief Justice Gray approved the draft majority opinion.  He alone decided
not to affirmatively vote to join the opinion or to dissent from or concur in
the judgment in this case in a timely manner.  He is not disqualified; he has
not recused himself.  Thus, he remains a member of the panel assigned to the
case.  The decision reflected by the “Special Note” is his alone.

            We overrule issue nine.

            In issue ten, Appellees say that our
internal operating procedures have rendered them “innocent victims” in a way
that violates their “appellate due process” rights.  The University responds by
noting that no authority is cited in support of this issue.  Nothing is
presented for review.  We overrule issue ten.

 

CONCLUSION

            We have overruled rehearing issues one
through five and eight through twelve.  We sustain issues six and seven.  We
withdraw our judgment dated August 15, 2007, and issue a modified judgment to
reverse the “orders” of the trial court denying the University’s pleas to the
jurisdiction and render an order granting the University’s pleas and dismissing
all of Appellees’ trial-court claims for lack of jurisdiction.  In all other
respects the Appellees’ motions for rehearing are overruled.

            

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Additional
Special Note by Chief Justice Gray)

Motions
for rehearing granted in part; denied in part

Judgment
withdrawn; modified judgment issued

Opinion
delivered and filed November 14, 2007









[1] We again note that our decision is based on a
prior version of Section 33.004 of the Civil Practice and Remedies Code, no
longer in effect, which allowed findings of responsibility of “persons” over which
the court has jurisdiction.  We express no opinion about whether an entity that
enjoys sovereign immunity can be designated as a responsible third party under
the current version.





[2] In an earlier case in which a party, in a motion
for rehearing, claimed that an opinion on the affirmative vote of two justices obviated
potential appellate jurisdiction of the Supreme Court of Texas and was
erroneous, we attached the then-current version of our "Procedures for
Internal Deadlines for Approval of Opinions and Orders."  Tesmec USA,
Inc. v. Whittington, 192 S.W.3d 178, 183-88 (Tex. App.—Waco 2006, pet.
denied) (op. on rehearing).  The Procedures have since been amended and have
proven to be workable.

 





[3] Court-adopted rules cannot be
inconsistent with the constitution.  See Starnes v. Holloway, 779 S.W.2d
86, 96 (Tex. App.—Dallas 1989, writ denied).  "A statute controls over a
procedural rule."  In re Chu, 134 S.W.3d 459, 466 (Tex. App.—Waco
2004, orig. proceeding).

 





[4] The exception is companion cases that are
assigned to the same justice.

 





[5] Demonstrating sufficient time to consider the
appeal.





[6] The relevant part of Paragraph 8.01 provides: 
“Any procedure or deadline specified herein may be changed, modified, or
suspended in any case by a majority vote of the Justices on the panel.”

 





[7] According to an informal survey that we
conducted, the Texas Supreme Court and approximately half of the fourteen
courts of appeals have some kind of internal deadlines for the approval of
opinions.