# NO. 12-08-00154-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                                          |     |                       |
| ---------------------------------------- | --- | --------------------- |
|                                          | §   |                       |
| *IN RE: ROBERT W. FROST,* *RELATOR*      | §   | *ORIGINAL PROCEEDING* |
|                                          | §   |                       |

## *MEMORANDUM OPINION*

Robert W. Frost seeks a writ of mandamus requiring the trial court to vacate its March 27, 2008 order granting the motion to disqualify counsel filed by Cynthia R. Frost.[1] We conditionally grant the writ.

### BACKGROUND

Robert and Cynthia were married on June 10, 1995, and Robert filed for divorce on November 13, 2007. During the course of discovery, Robert inquired whether any document described in a request for production had been lost or destroyed. Cynthia responded that all financial and tax information dated prior to January 1, 2000 had been destroyed in early 2006. However, Robert recalled that files containing financial documents dated earlier than January 1, 2000 were located at the Frosts' Tyler residence, which Cynthia occupies.

Robert learned that Cynthia planned a trip out of state. After Cynthia left for her trip, Robert hired a locksmith and entered Cynthia's residence to search for the documents she said had been destroyed. Robert was accompanied by his lawyer, J. Bennett White, and his lawyer's legal

---

[1] The respondent is the Honorable Thomas A. Dunn, Judge of the County Court at Law, Smith County, Texas.

assistant.[2] While they were inside the residence, Robert made still photographs and White's legal assistant made a videotape of the contents of the residence. Robert located some of the documents Cynthia had said were destroyed and removed some documents and personal items from the residence. Several days later, Robert filed a motion requesting sanctions for Cynthia's failure to produce the documents he had found. Cynthia then filed a motion to disqualify White alleging that he could not continue to represent Robert because his and his legal assistant's entry into Cynthia's residence "makes [them] material witnesses since [Robert's] pleadings assert fraud and concealment of assets."[3] Cynthia also alleged that White was disqualified because he had previously represented Robert and Cynthia in a civil matter and "did not secure [Cynthia's] prior consent to represent [Robert] in a matter adverse to her interest."[4]

On March 27, 2008, the trial court conducted a hearing on Cynthia's motion to disqualify. At the conclusion of the hearing, the trial court ruled that White was disqualified, but declined to state a reason for its ruling. On the same date, the court signed an order granting the motion to disqualify without specifying the reason for its ruling. Robert then filed a petition for writ of mandamus and a motion for emergency relief in this court. We granted the motion for emergency relief and stayed the trial court proceedings pending disposition of Robert's petition for writ of mandamus. We later modified the stay to permit the trial court to conduct a hearing on issues relating to enforcement and to grant specific injunctive relief, if necessary, to preserve and protect the community estate.

### AVAILABILITY OF MANDAMUS

Mandamus will issue to correct a clear abuse of discretion only if the relator lacks an adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court

---

[2] The Frosts also owned a residence in Pagosa Springs, Colorado, which Robert occupied. The trial court had not entered any order awarding either spouse exclusive control of either residence, and the standing temporary orders prohibited each spouse from excluding the other from access to any residence. It is undisputed, however, that Cynthia had exclusive possession of the Tyler residence, that she had changed the locks, that Robert did not have a key, and that Cynthia had not given Robert permission to enter the residence.

[3] *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005).

[4] *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp. 2007).

abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). This standard has different applications in different circumstances. *Walker*, 827 S.W.2d at 839. When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id.* Thus, we cannot set aside the trial court's finding unless it is clear from the record that the trial court could have reached only one decision. *In re Nitla S.A. De C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker*, 827 S.W.2d at 849. This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id.*

Ordinarily, the relator has the burden to establish both prerequisites to mandamus relief. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994). However, it is well settled that disqualification of counsel renders remedy by appeal inadequate. *Cerberus*, 164 S.W.3d at 382; *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989). Consequently, the only issue we must consider is whether the trial court abused its discretion by disqualifying White. *See Nitla*, 92 S.W.3d at 423.

### DISQUALIFICATION OF COUNSEL

"Disqualification of counsel is a severe remedy." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). It can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have his counsel of choice. *Nitla*, 92 S.W.3d at 422. Nevertheless, the trial court has not only the power but also the duty to disqualify counsel when representation of the client is prohibited by the Texas Disciplinary Rules of Professional Conduct. *See Ayres v. Canales*, 790 S.W.2d 554, 557 n.2 (Tex. 1990). In considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic. *Nitla*, 92 S.W.3d at 422. The burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. *Spears*, 797 S.W.2d at 656. Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice to merit disqualification. *Id.*

3

**Lawyer as Witness**

Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct provides in part as follows:

> (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>>
>> (3) the testimony relates to the nature and value of legal services rendered in the case;
>>
>> (4) the lawyer is a party to the action and is appearing pro se; or
>>
>> (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Rule 3.08 was promulgated as a disciplinary standard rather than one of procedural disqualification. *Ayres*, 790 S.W.2d at 556 n.2; *see also* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08, cmt. 9, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) ("Rule 3.08 sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification."). But the rule provides guidelines relevant to a procedural disqualification determination, and a trial court order that disqualifies a lawyer in order to prevent violation of Rule 3.08 is appropriate when warranted. *Ayres*, 790 S.W.2d at 556 n.2.

Under Rule 3.08, the fact that a lawyer serves as both advocate and witness does not in itself compel disqualification. TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a); *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004). Moreover, Rule 3.08 should rarely be the basis for disqualification. *In re Chu*, 134 S.W.3d 459, 464 (Tex. App.–Waco 2004, orig. proceeding); *May v. Crofts*, 868 S.W.2d 297, 399 (Tex. App.–Texarkana 1993, orig. proceeding). Thus, the party moving for disqualification must present evidence that the testimony of the lawyer is necessary and that it goes to an essential fact of the nonmovant's case. *In re Chu*, 134 S.W.3d at 464. The movant must also demonstrate that the opposing lawyer's dual roles as advocate and witness will cause the movant actual prejudice. *Sanders*, 153 S.W.3d at 57; *see also* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08, cmt. 10 ("[Rule

4

3.08] may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles.").

At the hearing on the motion to disqualify, Cynthia's lawyer presented a portion of Robert's video deposition and called White and his legal assistant as witnesses. During the deposition and live testimony, he inquired about such matters as White's reasons for accompanying Robert to Cynthia's residence; the purpose of their entry; the sequence and details of events that occurred after Robert, White, and White's legal assistant arrived at the residence; and the nature and present location of the documents taken from the residence. He also attempted, albeit unsuccessfully, to elicit from White a concession that White would be a necessary witness on Robert's behalf in future proceedings. Robert contends that this testimony did not show Cynthia would suffer actual prejudice from White's service as both advocate and witness. We agree.

Nothing in the testimony presented pertains to whether Cynthia would suffer actual prejudice. Cynthia's lawyer argued that White was disqualified because his testimony related to an "essential ingredient" of the fraud allegations. He also argued that White's testimony was necessary because White himself had said that his presence in the residence was necessary in case Robert was accused of taking or destroying something while he was there. However, he did not argue that actual prejudice to Cynthia would occur if White served as both advocate and witness.

In this proceeding, Cynthia concedes that *Sanders* and its progeny require proof of "harm." She then maintains that she has suffered "procedural harm" because Robert and White withheld the documents Robert removed from her residence in clear violation of the discovery rules and "real harm" because her home was invaded. However, this "harm" relates to the conduct that precipitated the motion to transfer, not to White's service as both advocate and witness before the trial court.

To prevail on her motion to disqualify White under Rule 3.08, Cynthia had the burden to show that White's testimony was necessary to establish an essential fact on Robert's behalf and that she would suffer actual prejudice resulting from White's service in the dual roles. *See* Tex. Disciplinary R. Prof'l Conduct 3.08(a) & cmt. 10; *Sanders*, 153 S.W.3d at 57. She made no showing of actual prejudice and therefore failed to meet her burden in the trial court. Consequently,

the trial court could not have reasonably concluded that White is disqualified under Rule 3.08.[5]

**Prior Representation**

As pertinent to the issues before us, Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct provides that

> (a) [w]ithout prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
>
>   . . . .
>
> (2) if the representation in reasonable probability will involve a violation of Rule 1.05 [relating to revealing or using confidential information]; or
>
> (3) if it is the same or a substantially related matter.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a). Rule 1.09 does not absolutely prohibit a lawyer from representing a client in a matter adverse to a former client. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a); *see also* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09, cmt. 3, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) ("[P]aragraph (a) does not absolutely prohibit a lawyer from representing a client against a former client, . . .). Instead, it prohibits the adverse representation, except with prior consent, where the party seeking disqualification shows the existence of any of the three circumstances enumerated in subparagraph (a). *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a) & cmt. 3.

At the hearing on the motion to disqualify, Cynthia's lawyer admitted that White's earlier representation of Cynthia "was on a different issue or something."[6] In this proceeding, Cynthia states that she does not contend the two matters are substantially related. Nor has she asserted, either in the trial court or here, that White's continued representation of Robert will, in reasonable probability, involve a violation of Rule 1.05. Instead, she points to White's testimony about a conversation he had with her regarding whether Cynthia and Robert wanted White to represent them at the next stage of the prior matter. White testified that he remembered Cynthia's "telling [him] that she had

---

[5] Robert also argues that Cynthia did not establish White's testimony is necessary to establish an essential fact on Robert's behalf. Because we have concluded that Cynthia did not prove actual prejudice, we need not address whether she made the requisite showing of necessity.

[6] White represented the Frosts and another couple in a protest to a zoning change sought by an individual who wanted to build a nursing home on a lot that backed up to the cul-de-sac on which the Frosts' Tyler residence is located.

6

confidence in her husband's ability to handle these kind of things.  He was really good with it."
Cynthia urges that

> [from this conversation, White] learned that [she] doesn't handle litigation as well as [Robert].
> Considering [Robert's] spending up to this point, it is crystal clear that Mr. Frost intends to exploit
> this.  And since his counsel has participated in an unwarranted entry into [Cynthia's] home, he bears
> that knowledge as well.

We are not persuaded that White's testimony supports the conclusions Cynthia has drawn from it.  More importantly, Cynthia has not argued or shown that any of the circumstances enumerated in Rule 1.09 exist.  In the trial court, she contended that White's position was "so adversarial against a former client" that he should be disqualified.  Her argument here seems to relate solely to the adverse representation element.  Because she has shown only that White's representation of Robert is adverse to her, she has not established that White is disqualified under Rule 1.09.  Consequently, the trial court could not have reasonably concluded that White is disqualified under Rule 1.09.

## CONCLUSION

Based upon our review of the record, we hold that the trial court abused its discretion in granting Cynthia's motion to disqualify White.  Accordingly, we lift our April 21, 2008 stay as modified and conditionally grant mandamus relief.  We trust that, within fifteen days from the date of this opinion and corresponding order, the trial court will vacate its March 27, 2008 order granting Cynthia's motion to disqualify White and issue an order denying the motion.  The writ will issue only if it fails to do so.  The trial court shall furnish this court, within the time of compliance with this court's opinion and order, a certified copy of the order evidencing such compliance.

**BRIAN HOYLE**
Justice

Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

7